*W. Morrow, R. M. Goodwin* and *W. H. Hay*, for appellant.

---

## Debord *v.* La Hue.

REPLEVIN.—JUDGMENT NON OBSTANTE.—Suit by A against a sheriff to recover the possession of personal property. Answer, that the property belonged in fact to B, and was fraudulently held in the name of A; that defendant, as such sheriff, had in his hands an execution against A, and that he had seized said property on said writ, &c. The reply to the

Debord *v.* La Hue.

answer was incomplete, being as follows: "That each and every allegation in the said answer contained." After verdict for the plaintiff, the court rendered judgment for the defendant, *non obstante veredicto.*

*Held,* that the answer was bad for not showing that the execution was against the goods and chattels of A.

*Held,* also, that a failure to reply to a bad answer did not entitle the defendant to judgment.

APPEAL from the *Knox* Common Pleas.

FRAZER, J.—This was an action of replevin. Answer, 1. General denial. 2. That the property was and is the property of one *Andrew B. Debord*; that it was purchased with his means, and to hinder and delay his creditors, and to prevent the defendant from levying upon and selling it to satisfy an execution put in his hands as sheriff, &c., in favor of one *W. H. P.*, against said *Andrew*, it was purchased in the plaintiff's name, with his consent and connivance; that the defendant, as ' sheriff of *Knox* county, levied upon and held the property by virtue of said execution, and not otherwise.

The reply was incomplete, being as follows; "That each and every allegation in the second paragraph contained."

There was a jury trial and a verdict for the plaintiff. A motion by the defendant for judgment in his favor *non obstante veredicto* was sustained, and judgment rendered accordingly. The plaintiff appeals, assigning this ruling as error.

It is needful to inquire whether the second paragraph of the answer was a bar to the suit. The facts which it avers show that the property was subject to be seized by the defendant, as sheriff, by virtue of any execution in his hands commanding him to levy upon the property of *Andrew B. Debord*, but it is not alleged that such a writ was in his hands. The nature of the execution is not stated, nor is a copy of it given. It may not have authorized a seizure of property. It may have been an execution against the body of said *Andrew*. The statute provides for various forms of final process, adapted to the nature of the judgment, and each of them is an execution. 2 G. & H., §§ 408—411, p. 230.

If the writ by virtue of which the property was seized was against the body, then the plaintiff would have been entitled to judgment upon the verdict. The paragraph was bad in that it failed to show such a writ as authorized a levy upon property. A failure to reply to it could not therefore entitle the defendant to judgment.

The judgment is reversed, with costs, and the cause remanded, with instructions to render judgment on the verdict.

*C. M. Allen* and *F. W. Viehe*, for appellant.

*O. F. Baker* and *I. A. Beck*, for appellee.