## LORENZO HACKETT v. WILLIAM R. HEWITT.

*Married Woman's Property, Conversion of, Action for in whose Name to be brought.*

A husband cannot sustain an action of trespass and trover in his own name for the conversion of his wife's property.

TRESPASS and trover for a cow and two steers. Plea, general issue and notice. Trial by jury, December Term, 1884, TAFT, J., presiding. Verdict for the plaintiff.

It appeared, that the plaintiff's wife, Lorette E. Hackett, at the time of her marriage had one cow and about $100 in money; that said property was always treated and considered by the plaintiff as his wife's sole and separate property; that the cow and steers in contention were acquired by said property, and always considered as her separate property. The court instructed the jury that the plaintiff was entitled to recover the full value of the cow and steers; and a verdict was rendered accordingly. After verdict and before judgment, the defendant moved to set aside the verdict; and also for judgment notwithstanding the verdict. Both motions were overruled. The motion was made: "Because said verdict is against the law applicable to said cause; because it appears by the writ and declaration in said case that the plaintiff has no cause of action against the defendant."

Declaration in part: "William R. Hewitt is attached of his goods to answer unto Lorenzo Hackett, in a plea of the case, for that at * * * * the plaintiff was in possession of one cow of the value of $50, and one pair of steers of the value of $60, as of the proper goods and chattels of Lorette E. Hackett, then and still the wife of the plaintiff, which she, the said Lorette, owned in her own right; and

being so thereof possessed, the plaintiff thereafterwards on the same day lost the same," &c.—common count in trover. The count in trespass also alleged that the property was "of the proper goods and chattels of said Lorette, then and still the wife of the plaintiff, which said Lorette owned in her own right."

*William E. Johnson,* for the defendant.

The plaintiff cannot recover without joining his wife. In this State a wife can hold personal property, and the husband have no title nor interest in it. *Albee* v. *Cole,* 39 Vt. 319; *Richardson* v. *Wait,* 39 Vt. 535; *Bent* v. *Bent,* 44 Vt. 555; *White* v. *Waite,* 47 Vt. 502; *Porter* v. *Bank of Rutland,* 19 Vt. 410; *Child* v. *Pearl,* 43 Vt. 224.

It follows then, if the above proposition is true, that the common law doctrine that the personal chattels of the wife vest in the husband, on marriage, does not apply to property held by the wife as her sole and separate property; and the cases that hold the husband can recover for such property in a suit in his own name, are not applicable to the case at bar.

Judgment should have been rendered for the defendant. *Barron* v. *Barron,* 24 Vt. 375; *Richardson* v. *Merrill,* 32 Vt. 27; *Willard* v. *Dow,* 54 Vt. 188; *Graves* v. *Wakefield,* Ib. 313; *Ross* v. *Draper,* 55 Vt. 405; *Spooner* v. *Reynolds,* 50 Vt. 437; *Royce* v. *Vandeusen,* 49 Vt. 26; *Caldwell* v. *Renfrew,* 33 Vt. 213; 1 Chit. Pl. 50.

*S. M. Pingree,* for the plaintiff.

The action was properly brought in the name of the husband for the conversion of the wife's property. 1 Bl. Com. 443-5; Sch. Dom. Rel. 61; 2 Kent Com. 143; 2 Saund. 47.

No wrong is done the defendant; as the declaration clearly sets forth the interest of the wife; and no other or further action against him can be predicated on the same subject-matter. The wife has an ample remedy in chan-

cery, which she alone may resort to; and the basis of this suit, as the record will show, makes her remedy ample.

The opinion of the court was delivered by

Ross, J.   The defendant, as a deputy sheriff on a proper process, regularly attached and sold the property sued for as the property of the plaintiff.   The plaintiff now seeks, and by the County Court was allowed, to recover for the property in his own name, on the ground that the property was the sole and separate property of his wife.   Under the decisions and law of this State, which are so fully, carefully, and clearly collated, stated, and reviewed in the brief of the defendant's counsel, that they need not be further referred to, we think this was error.   The common-law doctrine, that the personal chattels of the wife on marriage vest in the husband, does not apply to such property. The legal status of the *sole* and *separate* property of the wife, is, that the wife holds it to her own use, free from the rights which the husband by the marriage otherwise would have to it.   It is because this property was thus held by the wife, that defendant is unable to attach and hold it as the property of the husband.   The common law allowed the husband to recover for the personal chattels of the wife, because by that law they were by virtue of the marriage his property, subject to his sole use, care, and control, and liable to be appropriated in satisfaction of his debts.   Doubtless, modern civilization and law have departed somewhat from the common law, in allowing the husband by post nuptial agreement with the wife, or by acquiescence even, to renounce the right which the common law by the marriage conferred upon him, and allow the wife to hold such property to her sole and separate use.   We are not aware, however, that any common law decisions can be found, that hold that a husband can recover in his own name for personal property owned and held by the wife to her *sole* and *separate* use.   Under the practice that prevailed

under the common law, that question could not well arise. By that law the practice was to vest the title to property, so held, in a trustee. The marriage gave the husband no power or control over such property. Modern law, and our own statute law, as well as decisions, allow the wife herself to hold the title to property thus held by her. It is repugnant to all the principles of the common law even, to allow a plaintiff in his individual capacity the right to recover against a defendant for property which the defendant lawfully took and held against him in that individual capacity and right.

Generally, at common law, suits in regard to the sole and separate property of the wife were brought in the courts of equity; and the wife joined as co-orator, because interested in the property; and because in that court, such property could be protected against the unlawful encroachments of the husband even. But this court has held that the husband and wife may recover in their joint names, for the benefit of the wife, for such property. If the husband by reason of such recovery, attempted to deprive her of the property she had only to apply to a court of equity for protection against him, until the passage of the recent statute which enables her to sue him at law. The principles of the common law, even when applied to the legal status of such property, with the title vested in the wife, require that the wife in whom the legal title is, and for whose benefit the recovery is had, shall be a party to a suit for its recovery. She is the real party plaintiff to the suit. He is the nominal party; and only a necessary party, because by the coverture she is under his legal protection and guardianship, as it were.

Inasmuch as by the declaration the plaintiff only seeks to recover in the right of the wife, and that discloses no right of recovery in him, it was the duty of the County Court to have rendered judgment for the defendant upon the defendant's motion, notwithstanding the verdict. It is the

duty of this court to render such a judgment, as the County Court should have rendered on the verdict and motion. The judgment of the County Court is reversed, and judgment rendered for the defendant to recover his costs.