## KIRK v. SALT LAKE CITY.

No. 1812.   Decided March 19, 1907   (89 Pac.  658).

1. APPEAL — ASSIGNMENT OF ERRORS — NECESSITY — INSTRUCTIONS. The refusal to give an instruction directing a verdict cannot be reviewed unless assigned as error.

2. SAME — RECORD — REVIEW OF EVIDENCE.   Where the evidence is not all in the record, its sufficiency cannot be reviewed.

3. JUDGMENT — NOTWITHSTANDING VERDICT.   The court has no authority to entertain a motion for judgment notwithstanding the verdict on the ground that there was a failure of proof as to some essential element of the cause of action; but that question must be raised by a motion for nonsuit, a request to direct the verdict, or, after verdict, by motion for a new trial.[1]

APPEAL from District Court, Third District; M. L. Ritchie, Judge.

Action by Alice J. Kirk against Salt Lake City.   From a judgment for plaintiff, defendant appeals.

AFFIRMED.

*Ogden Hites* and *H. J. Dininny* for appellant.

*Stewart, Stewart & Budge* for respondent.

---

[1] Keith v. Mining Co., 3 Utah 254, 2 Pac. 703.

## APPELLANT'S POINTS.

Before a suit of this kind can be maintained, a claim must be presented to the city council. The law applicable to this case is to be found in Laws 1903, chap. 19, page 12. A statute requiring the presentation of a claim before suit is mandatory, and presentation is a condition precedent to maintain the action. (*Engstrom v. Minneapolis,* 78 Minn. 200; *Bausher v. St. Paul,* 75 N. W. 745; *Doyle v. Duluth,* 76 N. W. 1029; *Trost v. Castleton,* 79 N. W. 1071 [Mich.]; *Maloney v. Cook,* 21 R. I. 471, 476; *Forsyth v. Oswego,* 95 N. Y. Supp. 334; *Postal v. Heath,* 38 Pac. 1025.)

Such presentation is mandatory, and cannot be waived by the city council or mayor. (*Startling v. Bedford,* 62 N. W. 674 [Iowa]; *Veazee v. Rockland,* 68 Me. 511.)

If a claim is defective it furnishes no basis for an action. (*Sowle v. Tomah,* supra; *Griswold v. Luddington.* 74 N. W. 663 [Mich.].)

Such presentation must be alleged in the complaint, and if contradicted proved on the trial. Without such averment the complaint does not state facts sufficient to constitute a cause of action, and is demurrable. (*Sowle v. Tomah,* 51 N. W. 571; *Beggs v. Geneva,* 90 N. Y. Supp. 858.)

## RESPONDENT'S POINTS.

Judgment *non obstante veredicto* was granted at common law, upon motion of the plaintiff only, when the answer confessed the cause of action set up in the complaint, and set up matters in avoidance which, though true, were insufficient in law to constitute a defense; in other words, the courts took the position that a party should not be entitled to the benefit of a verdict when by his own pleadings he confessed that he was not entitled to it in law. (2 Encyc. Plead. & Prac., pp. 912, 913; *Berry v. Borden,* 7 Blackf. [Ind.], 384; *Pomeroy v. Burnett,* 8 Blackf. 142; *Roberts v. Dame,* 11 N. H. 226; *Moye v. Petway,* 76 N. C. 327; *Ward v. Phillips,* 89 N. C. 215; *Insurance v. Frederick,* 58 Fed. 144.)

The motion was never at common law, and in many jurisdictions is not now to be granted when made by the defendant, the defendant's remedy being a motion in arrest of judgment, which latter motion reaches such facts as are apparent on the face of the record which are not cured by the verdict and which are not dependent on the testimony for their solution. (*Quimby v. Boyd*, 6 Pac. [Colo.] 462; *Floyd v. Fuel & Iron Co.*, 50 Pac.—; *Bradshaw v. Hedge*, 10 Iowa, 404; *Brown v. Lillie*, 6 Nev. 177; *Smith v. Powers*, 15 N. H. 546; *Christian v. Yarborough*, 125 N. C. [1899] 72; *Buckingham v. McCracken*, 2 O. St. 287; *Burnham v. Railroad*, 17 R. I. 544; *Stoddard v. Insurance Co.*, 75 Vt. 253; *Barnes v. Rodgers*, 54 S. C. 115; *Manning v. City of Orleans*, 42 Neb. 712, 60 N. W. 953; *McCoy v. Jones*, 61 O. St. 119, 55 N. E. 219; *Beetz v. Strobel*, 6 O. Dec. 143; *United States v. Gardner*, 133 Fed. 285; *Gibbon v. Bldg. & Loan Ass'n.* 43 Nebr. 132, 61 N. W. 126; *Stewart v. Amer. Exch. Nat'l Bank*, 54 Nebr. 461, 74 N. W. 865.)

In California the statute authorizes the court to enter judgment in favor of the defendant on a special verdict, notwithstanding a general verdict in favor of the plain-tiff. (*McAulay v. Moody*, 60 Pac. 778.)

In other states, where such a statute is in force, the courts are so averse to interfering with a general verdict that they hold, that the impossibility of reconciling the general verdict with the special verdict must definitely appear before a judgment will be rendered on the special verdict as against the general verdict. (*Fruchey v. Eagleson*, 43 N. E. [Ind.] 146; *McNabb v. Clipp*, 41 N. E. [Ind.] 858; *Gimbel v. Green*, 33 N. E. [Ind.] 964; *Vance v. City of Franklin*, 30 N. E. [Ind.] 149; *Warner v. Mutual Accident Ass'n*, 8 Utah 431.)

Judgment *non obstante veredicto* was never granted upon the ground that the evidence was insufficient to sustain the verdict. (11 Encyc. Plead. & Prac., 917.)

However, in some states the statute authorizes such a judgment where the evidence is insufficient or where there is a

32 Utah—10

total absence of evidence in support of a material allegation. (*Cruikshank v. Insurance Co.,* 77 N. W. [Minn.] 958; *Welsh v. Railroad,* 103 N. W. [N. Dak.] 396; *Meehan v. Railroad,* 101 N. W. [N. Dak.] 183.)

But it must affirmatively appear that such defect in the proof cannot be supplied at another trial. (*Aetna Indemnity Co. v. Shroeder,* 95 N. W. [N. Dak.] 436; *Meehan v. Railroad,* supra; *Welsh v. Railroad,* supra; *Cruikshank v. Insurance Co.,* supra.)

We call attention again to the fact that no motion for a new trial was made. The appellant, having elected to stand upon its motion for judgment *non obstante veredicto,* is not now entitled, upon a denial of his motion, to ask alternatively for a new trial. (*Cruikshank v. Insurance Co.,* supra; *Bragg v. Railway,* 83 N. W. [Minn.] 511; *Lumber Co. v. City of Fargo,* 96 N. W. [N. Dak.] 358.)

FRICK, J.

The plaintiff, respondent in this court, brought an action against defendant, appellant here, for personal injuries and damages sustained by her through the negligence of appellant in not keeping a certain street within the corporate limits in a reasonably safe condition for travel. In her complaint she alleges all the necessary averments constituting a cause of action, including the necessary elements of presentation and nonpayment of her claim as required by the act known as "chapter 19, p. 12, Laws of Utah, 1903." The appellant answered, admitting its corporate capacity, and that the street mentioned was within the corporate limits of appellant, denied the negligence and pleaded contributory negligence, and assumed risk on the part of respondent. Upon substantially these issues a trial was had to a jury which returned a verdict in favor of respondent upon which judgment was entered, from which appellant prosecutes this appeal.

There was no motion for a new trial, and the only errors assigned are that the verdict and judgment are contrary to law, and that the court erred in overruling appellant's motion for judgment *non obstante veredicto.* The record discloses

the following proceedings in respect to the errors complained of. After both parties had rested, appellant asked for a directed verdict by offering an instruction to the jury to that effect without assigning any reasons therefor, which the court refused, and submitted the case to the jury upon general instructions applicable to the case as made. As appellant does not complain or assign the action of the court as error in this respect, it needs no further consideration. After the jury had agreed upon their verdict, and returned into court, appellant's counsel moved for judgment *non obstante veredicto* upon two grounds, viz.: "One is that there has been no evidence offered of any claim having been presented to the city before suit was brought or rejected, or any action taken by the city. Another is that there had been no evidence offered in the case to show notice to the city of the condition of the place stated in the evidence." This motion was by the court overruled. Appellant duly excepted, and, as stated above, assigns the ruling as error. We remark here that while there is also an assignment of error that the judgment and verdict are contrary to law, this, in view of the state of the record, would appear from the evidence only, and as there is no assignment challenging the sufficiency of the evidence and as all the evidence is not presented to this court, a review of the evidence is prevented. The appellant's counsel, with commendable frankness, stated at the hearing that unless the action can be defeated upon the motion for the verdict, a new trial is not desired. This, no doubt, on the ground that counsel are satisfied that the technical proof can be supplied, respecting the presentation and disallowance of the claim, and therefore it would be a mere waste of time and their client's money to retry the case.

The second ground of the motion is also abandoned, but the first is strenuously insisted upon. The only question for decision, therefore, is, did the court err in overruling the motion above set forth? It was frankly conceded by counsel for appellant on the hearing, and is likewise conceded in their brief, that at common law a motion *non obstante veredicto,* was not permitted except in favor of the

plaintiff, and then only in a case where no legal defense was presented by the defendant in his plea or answer to the cause of action. It is also conceded by them that in some states the right to make such a motion is given to the defendants by statute, and, unless thus given, it is generally denied, except by some courts who have by their decisions relaxed the common-law rule, and in certain instances have made the motion applicable to both. In all those decisions, however, the right to make the motion is, with one or two exceptions, limited to the pleadings, and not to a case where the evidence must be considered in granting or denying the motion. As this is all conceded, we need not discuss the question here, especially since it is conceded upon all hands that there is no statutory provision in this state recognizing the motion *non obstante veredicto*. No doubt, in this state, in common with the practice in nearly all of the other states, a motion for judgment on the pleadings is permissible where it appears that there is either no cause of action stated in the complaint, or no defense presented by the answer. This, however, is very far from the question presented. Having recourse to our statutes, we find that a judgment must be based upon something recognized by the statute. In section 3181, Rev. St. 1898, the grounds are set forth upon which a judgment dismissing the action or for a nonsuit may be granted. Section 3182 provides that in all other cases, except those mentioned in section 3181, judgment must be on the merits. Section 3168 provides that where a case is tried to the court its decision must be given in writing, and the following section provides that the findings of fact and the conclusions of law must be separately stated, and judgment must be entered accordingly. Section 3191 provides that when a trial to a jury is had, judgment must be entered in conformity with the verdict within twenty-four hours, unless the court order the case reserved for argument or grant a stay of proceedings. Section 3162 provides that the verdict may be general or special, and in the next section it is provided that when the special findings of fact found by the jury are inconsistent with the general verdict, the special findings

control. Wherever we look, therefore, we find that the judgment must have some basis recognized by the statute. It may be based on a motion for dismissal or nonsuit upon one or more of the grounds mentioned in the statute, or it may be based upon the findings of fact and conclusions of law made by the court, or it may be based upon either a general or special verdict or findings of the jury. It may also be based upon a default, or upon consent of the parties, or by expressly waiving findings under section 3170, or upon a confession as provided in section 3214. These, so far as we are aware, are the only grounds provided upon which a judgment may be based under our statutes. Appellant, however, demanded a judgment based on a mere motion after verdict. Such a motion was, in the state of the case, unknown according to the common law, and is likewise unknown to our Code or practice. Counsel for appellant contend, however, that to make and file a claim with the city council is a condition precedent to the right of recovery, and hence, when denied as in this case, must be proved at the trial or the party cannot legally recover judgment. This may all be conceded, and the question remains, how may the defence in the proof, if it exists, be reached and corrected? This is the crucial question presented. Is a failure to prove one essential fact different from a failure to prove any other or any number of such facts? Does it not, after all, present only a case of insufficiency of the evidence to sustain the verdict? The second ground of appellant's motion is waived by them, but such waiver simply illustrates this. If a judgment can be properly entered on a mere motion after, and notwithstanding the verdict for a failure to prove the presentation of a claim, why not for failure to prove that the place where the accident occurred is not within the city limits, if denied, as it may be; or that there is no negligence shown on the part of the city? All these are essential, and the failure to prove any one would present a case of insufficiency of evidence to sustain a verdict and judgment, and no more. Our statute points out just how this defect, if it exists, may be reached.

The insufficiency of evidence may be raised by a motion for nonsuit, a request to direct a verdict, and by motion for new trial, but not by a motion notwithstanding the verdict. The motion for a new trial, of course, contemplates that the verdict and judgment are not supported by sufficient evidence, and hence should be set aside; while the motion interposed by appellant permits the verdict to stand in favor of one party while the judgment is in favor of the other. On what is such a judgment based? Can a court disregard the verdict of the jury in a law case and enter a judgment contrary thereto on a mere motion? We think not. While the verdict stands it is the basis for the judgment, and when it is disregarded or set aside no basis for the judgment remains, and the only remedy provided by our statute is a new trial.

There are two of the various cases cited by counsel for appellant that seem to justify, in part at least, their contention, viz., *Glennon v. Erie R. Co.* (Sup.), 83 N. Y. Supp. 875, and *Larson v. Centennial Mill Co.*, 82 Pac. 294, 40 Wash. 224, 111 Am. St. Rep. 904. The first case, it seems to us, entirely overlooks two material things: (1) the purpose of the motion for a new trial on the ground of insufficiency of evidence; and (2) that there is is no basis for a judgment where there is no vedict or legal findings upon which to rest it. The other case is one where the Supreme Court of the state of Washington directs the lower court to set aside its order granting a new trial, and to dismiss the action. While, no doubt, an action may be dismissed by a court where there is and can be no legal evidence to establish the essential facts, this, under our practice, could not arise as it arose in the case last above mentioned. All the other cases cited by counsel are readily distinguishable from the case at bar, and hence are not authority for what is asked for by them in this case. It is manifest that counsel misconceived the legal remedy available to them to correct the error of the court in submitting the case to the jury. This remedy consisted in an exception to the refusal of the court to direct a verdict. It is equally manifest that after the court had submitted the case to the jury, and a verdict had been returned upon insufficient evi-

dence to sustain it, if such be the fact, the only way the trial court could have corrected the error was by a motion for a new trial. Since counsel do not assign the error of the court in refusing to direct a verdict, the error cannot be reviewed or corrected by this court, and as the trial court had no authority to entertain, and therefore no power to grant, counsel's motion *non obstante veredicto,* it committed no legal error in denying it. The judgment, therefore, cannot be set aside by this court, but must stand as the judgment in the case. From this conclusion, it seems to us, there is no escape in view of our statutes and the practice based thereon. The following cases, however, will be found to sustain the conclusion above announced. (*Floyd v. Colo. F. & I. Co.,* 50 Pac. 864, 10 Colo. App. 54; *Central Sav. Bank v. Connor,* 94 N. W. 11, 132 Mich. 578, 102 Am. St. Rep. 433; *Cruikshank v. St. P. F. & M. Ins. Co.,* 77 N. W. 958, 75 Minn. 266; *Welch v. Northern Pac. Railroad Co.* [N. D.] 103 N. W. 396; *Meehan v. Gt. Northern Railroad Co.,* 101 N. W. 183, 13 N. D. 432; *Bragg v. Chicago, M. & St. P. Railroad Co.,* 83 N. W. 511, 81 Minn. 130; *Pine Tree L. Co. v. City of Fargo,* 96 N. W. 357, 12 N. D. 360.) In the case of *Reich v. Mining Co.,* 3 Utah 254, 2 Pac. 703, it is held that the judgment must be based upon either a verdict or findings of the court, and cannot be based upon a motion. While the statement may be too broad in view of section 3181, Rev. St. 1898, we think that after a case has been submitted to the jury and a verdict has been returned the only way to reach the verdict, if erroneous by reason of insufficiency of evidence, is by a motion for a new trial based upon that ground. When the verdict is set aside by the court the case is again before the court as if no trial had been had, and is again subject to any proceeding within the power of the court, but the court has no authority while a verdict rendered upon the evidence stands in a law case, to do anything except to set it aside and grant a new trial or enter judgment in accordance therewith.

In the absence, therefore, of a motion for a new trial in this case, and no error being predicated on the action of

the court in refusing to direct a verdict, and the court having no authority to entertain the motion presented, there is no error presented for which the judgment can be reversed, and it is therefore affirmed, with costs.

McCARTY, C. J., and STRAUP, J., concur.