554. GENERAL SPECIALTY COMPANY *v.* TIFTON ICE AND POWER COMPANY.

1. A copy affidavit will not take the place of the original affidavit required by law to verify an open account. The act of 1901, requiring, where a suit has been brought on an open account verified by the plaintiff, that the plea shall likewise be verified, does not contemplate that the account can be verified by a copy affidavit. When the account is not verified by an original affidavit, the defendant is not required to verify his plea.
2. The account of the plaintiff in this case not being verified by an original affidavit, the court properly refused to strike the plea of the defendant, although it was not verified.
3. For the same reason it was not error, in the absence of evidence in behalf of the plaintiff, to award a nonsuit, upon the defendant's motion.

Complaint, from city court of Tifton—Judge Eve. May 16, 1907.

Submitted October 28, 1907.—Decided January 29, 1908.

*J. C. Smith, W. R. Smith, R. A. Hendricks,* for plaintiff.
*Fulwood & Murray,* for defendant.

RUSSELL, J. The General Specialty Company sued the Tifton Ice & Power Company upon an open account for $75. It alleged (1) that the defendant was a corporation having its principal place of business in Tift county; (2) that the defendant was indebted to the petitioner in the sum of $75 upon an open account; (3) demand and refusal. Attached, as an exhibit, to the petition was an account, and attached thereto a copy affidavit; and it appears, from the bill of exceptions, that the original affidavit was not annexed to the original petition, either at the time the suit

was brought or when the copy was served on the defendant, but, in lieu thereof, there was nothing but a copy affidavit. The defendant, in conformity with the Neel act (Civil Code, §4961), admitted the first paragraph of the petition and denied the second, third, and fourth paragraphs. The plaintiff demurred to defendant's plea, and moved to strike it, upon the ground that there was no affidavit attached thereto in compliance with the act of 1901 (Ga. Laws 1901, p. 55), and for that reason the plea raised no issue as to the correctness of the account. The question turns upon whether a copy of the affidavit provided by law to be attached to an open account upon which suit is brought, as a means of verification, can be substituted for the original affidavit, so as to require the defendant to verify his plea, under the provisions of that act.

It is well settled that if the plaintiff's account is verified as provided by law, the plea of the defendant must be verified, and that unless the plea is verified, it raises no issue as to the correctness of the account. We do not think, however, that it was ever intended that the plaintiff's account was to be verified by the copy of an affidavit. How would the court ever know that there was in fact an original? How could the court consider the copy, unless it was verified as being a correct copy of the original affidavit? Or how could he consider it at all, where it was admitted to be a copy, unless the original was first shown. A prosecution for perjury could not be based on such copy. It was never intended that an account should be treated as verified, and thus considered presumptively so proved as not to be open to denial by the defendant unless upon oath, except where the court, having the original affidavit before it, could consider the affidavit as evidence. We think, therefore, that the court did not err in refusing to strike the defendant's plea. The plaintiff's petition was not sworn to, and therefore there was no necessity for the defendant to verify his plea. For the same reason, there was before the court, in the absence of the original affidavit, no evidence in support of the plaintiff's account, and the court properly awarded a nonsuit.               *Judgment affirmed.*