## MISSOURI, K. & T. RY. CO. v. LAWSON.

No. 2680.  Opinion Filed May 6, 1913.

(132 Pac. 321.)

1. JUSTICES OF THE PEACE—Action on Account Stated—Verification. To avoid the necessity of proving an account sued on in the justice court, it is not sufficient to verify the bill of particulars generally. The statute (Comp. Laws 1909, sec. 6348) contemplates an account stated, duly verified by affidavit and attached to the bill of particulars, and an allegation of the bill of particulars of the correctness of the account. *Buchanan v. Statler & Herndon,* 32 Okla. 206, 120 Pac. 658.

2. SAME—Action on Account—Judgment on the Pleadings. When there is no sufficient verification of the account, and no sufficient allegation of its correctness, it is error to sustain a motion for judgment on the pleadings. *Buchanan v. Statler & Herndon,* 32 Okla. 206, 120 Pac. 658.

(Syllabus by Robertson, C.)

*Error from Coal County Court;*
*R. H. Wells, Judge.*

Action by M. A. Lawson against the Missouri, Kansas & Texas Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Clifford L. Jackson, W. R. Allen,* and *M. D. Green,* for plaintiff in error.

*P. E. Wilhelm,* for defendant in error.

Opinion by ROBERTSON, C. This action was originally begun in the justice of the peace court of Coal county, where, after trial on the merits, judgment was entered in favor of the plaintiff. Defendant took an appeal to the county court.

The bill of particulars, omitting caption, is in words and figures as follows:

"First, that the defendant is a corporation duly organized under the laws of Missouri and is operating a line of its railroad in Coal county, Okla., and has an office and an agent in Coalgate, Coal county, Okla., upon whom service may be had; second, that the defendant is indebted to him in the sum of $59.90 for work and labor performed by plaintiff at the instance and request of said defendant as a coal miner in defendant's mine at No. 17 in Coal county, Okla.; third, that the said sum of $59.90, due plaintiff by defendant, is for wages, and that the same is due plaintiff and is payable at the company's office in Coalgate, Coal county, Okla.; fourth, that the said sum of $59.90, due plaintiff, is wrongfully held by defendant, the M., K. & T. Ry. Company, that the same is exempt from attachment or garnishment, and for labor performed within three months last past; fifth, that the said debt is just, due, and unpaid, and there are no offsets or credits thereon. Wherefore plaintiff prays judgment against said defendant for the sum of $59.90, and for a reasonable attorney's fee of $15, and for his cost herein expended, and with interest on the sum of $59.90, at the rate of 6 per cent. from the 10th day of March, 1910.

"[Signed]      P. E. WILLIAMS,
"Atty. for Plaintiff.

"State of Oklahoma, Coal County.

"M. A. Lawson states that he is the plaintiff, and that he is over 20 years of age, and that the facts set forth in the above foregoing petition are true.

"[Signed] M. A. LAWSON:

"Subscribed and sworn to before me this the 10th day of March, 1910.

"R. B. DAVIDSON,
"Justice of the Peace."

No answer was filed in the justice court, nor was any demanded by the plaintiff or ordered by the justice. In the county court, before trial, plaintiff filed a motion for judgment on the pleadings. Defendant opposed this motion for the reason that no answer was required under the law, unless demanded by the plaintiff, or ordered by the court. The motion for judgment on the pleadings was sustained and judgment entered in accordance with the prayer of the bill of particulars. Thereafter the defendant moved to set aside the judgment, which motion was denied by the court, and defendant brings this appeal and assigns as error:

"First, the court erred in sustaining defendant in error's motion for judgment on the pleadings; second, the court erred in rendering judgment in favor of the defendant in error and against the plaintiff in error; third, the court erred in overruling plaintiff in error's motion to set aside the judgment on the pleadings."

The identical question involved herein was considered by this court in *Buchanan v. Statler & Herndon*, 32 Okla. 206, 120 Pac. 658, wherein it was specifically held that a bill of particulars, verified such as the one hereinabove set out, would not authorize or sustain a judgment on the pleadings. It was there pointed out that section 6348, Comp. Laws 1909, which reads as follows:

"In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or any appointment or authority, or the correctness of an account duly verified by the affidavit or affirmation of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the opposite party, his agent or attorney"

—did not warrant the court in rendering a judgment on the pleadings where the only pleading in the case was a bill of particulars, verified in general terms.

It was said by the court in *Myers v. First Presbyterian Church,* 11 Okla. 544, 69 Pac. 874:

"To avoid the necessity of proof of an account declared on in the petition and denied by the answer, it is not sufficient to verify the petition generally. The statute contemplates an account stated, duly verified as to its correctness and attached to the petition, and the petition should specially allege the correctness of the verified account so attached."

This language is applicable to, and controlling of, the question herein, and for that reason it is clearly evident that the trial court erred in rendering judgment on the pleadings, and therefore the judgment should be reversed and the cause remanded, with instructions to set aside the judgment and grant a new trial.

By the Court: It is so ordered.