### FOSTER et al. v. LEFTWICH.

No. 5456.    Opinion Filed October 19, 1915.

(152 Pac. 583.)

1.    JUDGMENT—Motion for Judgment Notwithstanding Verdict—Pleadings. On a motion for judgment non obstante veredicto, where there are no special findings of fact, the only question presented for review is upon the pleadings in the case.

2.    SAME—Libel and Slander. The pleadings in this case carefully examined, and found not to warrant a judgment in favor of plaintiffs in error non obstante veredicto.

(Syllabus by Collier, C.)

*Error from District Court, Wagoner County;*
*R. C. Allen, Judge.*

Action by M. A. Leftwich against George H. Foster and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*Sponsler & Graves, W. O. Rittenhouse,* and *Henry M. Brown,* for plaintiffs in error.

*J. C. Pinson, Watts & Watts, E. L. Kistler,* and *McAdams & Haskell,* for defendant in error.

Opinion by COLLIER, C. This action was instituted by M. A. Leftwich to recover from George Foster, Edith

B. Foster, and S. S. Cobb, doing business under the firm name and style of Wagoner County Record, damages for a publication in the Wagoner County Record, a newspaper circulated in Wagoner county and in many other parts of the state. The publication complained of is not only *per se* libelous, but is so scurrilous and indecent that we do not feel that it should be reproduced in the Reports of this state. The article in question is addressed to "The Old Man of the Times," but the name of plaintiff does not appear in the article.

The petition herein avers that plaintiff is the person referred to in said article, and that said article was published of and concerning plaintiff, and was intended by said defendants and each of them to apply to him. The answer of defendants admits that said article was published as averred, and does not deny that said article was published of and concerning plaintiff. It sets up the truth of the averments contained in said article, and that said article was written "in the heat of great anger and sudden passion, caused by the publication of false and slanderous articles published by plaintiff in his said newspaper, the Coweta Times, concerning one of the defendants." All the material allegations of the petition are fully supported by the evidence offered by the plaintiff, including the testimony of one of defendants, that by "Old Man of the Times" was intended the plaintiff. Defendants failed to offer the slightest evidence in support of any of the defenses set up in their answer. There can be no question that the petition states a good cause of action.

The jury rendered a verdict for the plaintiff in the sum of $1,000. Defendants did not move the court for a new trial, but merely filed a motion for judgment *non*

*obstante veredicto,* which was overruled by the court and duly excepted to. This leaves for our consideration only the question of the pleadings in the case. Section 4959, Rev. Laws 1910, provides:

"In all civil actions to recover damages for libel or slander, it shall be sufficient to state generally what the defamatory matter was, and that it was published or spoken of the plaintiff, and to allege any general or special damage caused thereby, and the plaintiff to recover shall only be held to prove that the matter was published or spoken by the defendant concerning the plaintiff. As a defense thereto the defendant may deny and offer evidence to disprove the charges made, or he may prove that the matter charged as defamatory was true, and in addition thereto, that it was published or spoken under such circumstances as to render it a privileged communication."

Section 5140, Rev. Laws 1910, provides:

"Where, upon the statement in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party."

It therefore follows that this court is without jurisdiction, in the absence of special findings, to enter judgment *non obstante veredicto,* unless the same is warranted by the pleadings. *Whitaker v. Crowder State Bank,* 26 Okla. 787, 110 Pac. 776; *Choctaw, O. & W. R. Co. v. Custanien et al.,* 23 Okla. 735, 102 Pac. 88.

The Supreme Court of Utah in the case of *Kirk v. Salt Lake City,* 32 Utah, 143, 89 Pac. 458, 12 L. R. A. (N. S.) 1021, passed squarely upon this point. The third paragraph of the syllabus reads:

"The court has no authority to entertain a motion for judgment notwithstanding the verdict on the ground

that there was a failure of proof as to some essential element of the cause of action; but that question must be raised by a motion for nonsuit, a request to direct the verdict, or, after verdict, by motion for a new trial."

In the opinion it is said:

"It is equally manifest that after the court had submitted the case to the jury, and a verdict had been returned upon insufficient evidence to sustain it, if such be the fact, the only way the trial court could have corrected the error was by a motion for a new trial."

In *Maxon v. Gates,* 136 Wis. 270, 116 N. W. 758, the Supreme Court of Wisconsin held:

"A motion for 'judgment notwithstanding the verdict,' admits for the purpose of the motion the facts found by the jury, and asserts that, taking the verdict at its face, the judgment should go the other way, and it does not challenge the sufficiency of the evidence to support the findings, and cannot be treated as a motion to set aside the verdict on that ground."

"Such a judgment can be rendered only when the pleadings entitle the party against whom the verdict is rendered to a judgment." 11 Encyc. Pl. & Pr. 914, citing *Grant v. Alabama Gold L. Ins. Co.,* 76 Ga. 575; *Louisville, etc., R. Co. v. Coyne* (Ky.) 30 S. W. 970; *McFerran v. McFerran,* 69 Ind. 29; *Debord v. La Hue,* 26 Ind. 212; *Manning v. Orleans,* 42 Neb. 712 [60 N. W. 953]; *Gibbon v. American Bldg., etc., Ass'n,* 43 Neb. 132 [61 N. W. 126]; *Willoughby v. Willoughby,* 6 Q. B. 722, 51 E. C. L. 722; *Gregory v. Brunswick,* 3 Q. B. 481, 54 E. C. L. 481.

"The defendant is entitled to a judgment *non obstante verdicto* where the plaintiff's pleadings are insufficient to support a judgment in his favor, as where the declaration states no cause of action, or where the plaintiff fails to reply to a good plea of new matter." 11 Encyc. of Pl. & Pr. 915, citing: *Hackett v. Hewitt,* 57 Vt. 442 [52 Am. Rep. 132]; *Boyles' Adm'r v. Overby,* 11 Grat. (Va.) 202;

*Canadian Pac. R. Co. v. Robinson,* 19 . Can. Sup. Ct. Rep. 292.

. It follows that the trial court did not err in refusing to instruct the jury to return a verdict for defendants, or in overruling defendants' oral, and also written, motion for judgment notwithstanding the verdict, or in award‐ ing judgment for plaintiff on the verdict of the jury. In short, ·the appeal in this case is without the slightest merit.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.