## BARNES v. UNIVERSAL TIRE PROTECTOR CO.

No. 6355—Opinion Filed May 15, 1917.

(165 Pac. 176.)

(Syllabus by the Court.)

1. **Judgment — Judgment Notwithstanding Verdict.**

In the absence of special findings, a trial court is without authority to render judgment notwithstanding the verdict, unless the same is warranted by the pleadings.

2. **Pleading—Judgment on the Pleadings—Account.**

Where the bill of particulars contains no allegations of the correctness of the account sued on, and is unverified, plaintiff is not entitled to judgment on the pleadings, even though a verified statement of account be attached to the bill of particulars.

3. **Judgment—Motion for Judgment Non Obstante Veredicto—Sufficiency of Evidence.**

A motion for judgment non obstante veredicto does not present for consideration errors in the admission of evidence or the sufficiency of the evidence to sustain the verdict.

Error from Superior Court, Muskogee County; Farrar L. McCain, Judge.

Suit by the Universal Tire Protector Company against George W. Barnes. Judgment for plaintiff notwithstanding the verdict, and defendant brings error. Reversed and remanded.

Franklin P. Schaffer, for plaintiff in error.

Mosier, Greenslade & Reynolds, for defendant in error.

HARDY, J. The Universal Tire Protector Company sued George W. Barnes in the justice of the peace court in Muskogee county for an amount alleged to be due upon an account. Parties will be referred to as they appeared in the trial court. Upon appeal the case was transferred to the superior court, where a trial was had to a jury, resulting in a verdict for defendant. Upon motion therefor the court rendered judgment in favor of plaintiff notwithstanding the verdict, and defendant prosecutes error. Section 5140, Rev. Laws 1910, is as follows:

"Where upon the statement in the pleadings one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party."

Construing this statute, this court has held that a trial court is without jurisdiction, in the absence of special findings, to enter judgment non obstante veredicto, unless the same is warranted by the pleadings. Cheetaw. O. & W. R. Co. v. Castanien et al., 23 Okla. 735, 102 Pac. 88; Whitaker & Crowder State Bank, 26 Okla. 786, 110 Pac. 776; Foster v. Leftwich, 52 Okla. 28, 152 Pac. 583.

It is contended, however, that the court may render such a judgment where there is an entire failure of evidence to justify the verdict in favor of the prevailing party or if the evidence shows as a matter of law that the court should have directed a verdict in favor of the losing party, and where it is not probable that a different result would be reached upon another trial. Such, however. is not the law in this state.

In Curtis & Gartside et al. v. Pigg, 39 Okla. 31, 134 Pac. 1125, Pigg sued Curtis & Gartside Company for damages alleged to have been sustained from personal injuries received as a result of negligence of the company. The company filed motion for judgment on the pleadings after verdict had been returned in plaintiff's favor, basing its motion upon section 5933, Comp. Laws 1909, which is identical with section 5140, Rev. Laws 1910. The pleadings were examined, and it was held that the court did not err in overruling such motion, the court saying:

"This statute and the decisions cited very clearly support the contention that in certain cases a judgment may be rendered on the pleadings, although a verdict has already been rendered against the moving party. In such cases, however, it must clearly appear upon the face of the pleadings that the movant is entitled to the judgment asked for."

The question was again presented in Foster et al. v. Leftwich, 52 Okla. 28, 152 Pac. 583, where, after setting out the statute, it was said:

"It therefore follows that this court is without jurisdiction, in the absence of special findings, to enter judgment non obstante veredicto, unless the same is warranted by the pleadings."

See, also, 11 Enc. Pl. & Pr. 917, and note 4.

Within this rule, it becomes necessary to examine the pleadings in the case and determine whether, upon the face thereof, plaintiff was entitled to a judgment in its favor. The bill of particulars was unverified, and contains no allegation as to the correctness of the account sued upon, but attached thereto was a verified statement or invoice of the account which formed the basis of the suit. The answer contained a general denial and was verified. Upon this state of the pleadings, an issue of fact as to the existence of the account and the correctness thereof was raised which could not be determined in plaintiff's favor without evidence in support of the allegations in his bill of particulars. Myers v. First Presbyterian Church, 11 Okla. 544, 69 Pac. 874; Buchannan v. Statler & Herndon, 32 Okla. 206, 120 Pac. 658; Miners' Supply Co. v. Chestnutt Gibbons Gro. Co., 50 Okla. 151, 150 Pac. 686; El Reno Vitrified Brick & Tile Co. v. Raymond Co., 46 Okla. 388, 148 Pac. 1000; M., K. & T. R. Co. v. Lawson, 37 Okla. 322, 132 Pac. 321.

At the trial, in support of the allegations in its bill of particulars, plaintiff offered in evidence what purported to be a written order for two tire protectors sold to defendant, and defendant offered in support of his defense testimony tending to show that at the time the tire protectors were purchased he entered into an agreement with the agent of plaintiff whereby same were to be delivered to him upon trial for 30 days upon a guaranty that they would lessen blow-outs and punctures and prevent skidding and heating of tires, and, in general, save automobile tire expense and annoyance, and that, pursuant to this agreement, he received said tire protectors upon trial, and they were found not to be as represented, and by reason thereof caused him certain damage for which he claimed judgment. The court instructed the jury, however, that he was not entitled to recover upon his counterclaim, and submitted the case to the jury upon the other issues.

Assuming that it was error for the court to permit parol evidence to vary or contradict the terms of the written order, that question was not raised by the motion for judgment notwithstanding the verdict, but could only be presented by motion for a new trial.

In the absence of a demurrer to the evidence or motion for a directed verdict, the sufficiency of the evidence or motion for a directed verdict is not presented to the Supreme Court on appeal (Muskogee Elec. Trac. Co. v. Reed, 35 Okla. 334, 130 Pac. 157; Bank of Cherokee v. Sneary, 46 Okla. 186, 148 Pac. 157; Reed v. Scott, 50 Okla. 757, 151 Pac. 484; Oaks v. Samples, 57 Okla. 660, 157 Pac. 739); and plaintiff, not having properly raised that question, and not having filed motion to set aside the verdict and grant a new trial, and having prosecuted no appeal to this court, is not in position to urge any errors occurring at the trial, unless the same be presented by the motion for judgment notwithstanding the verdict. In reference to this proposition, the rule is that the court has no authority to entertain a motion for judgment notwithstanding the verdict on the ground that there was a failure of proof as to some essential element of the cause of action or that the verdict had been returned upon insufficient evidence to sustain it, but such a motion for the purposes thereof admits the facts found by the jury to be true, and asserts that, taking the verdict at its face, the judgment should go the other way, and cannot be treated as a motion to set aside the verdict because contrary to the evidence. Foster v. Leftwich, supra; Kirk v. Salt Lake City, 32 Utah, 143, 89 Pac. 458, 12 L. R. A. (N. S.) 1021; Maxon v. Gates, 136 Wis. 270, 116 N. W. 758; 11 Ency. Pl. & Pr. 917, and cases cited.

The court erred in sustaining the motion for judgment notwithstanding the verdict and rendering judgment in favor of plaintiff, and the judgment is reversed, and the cause remanded, with directions to enter judgment upon the verdict in favor of the defendant.

All the Justices concur.