## LOCAL BUILDING & LOAN ASS'N et al. v. LONG-BELL LUMBER CO.

No. 14750—Opinion Filed Oct. 21, 1924.

### Pleading — Mechanics' Liens — Priority of Mortgage—Time of Furnishing Material —Proof.

In an action to foreclose a mechanic's and materialman's lien and to establish said lien as a prior lien upon certain real estate as against certain defendants holding valid recorded mortgage liens thereon, the failure of said defendants to deny under oath the execution of the note attached to the lien statement and introduced in evidence does not admit as against such mortgage holders a statement of the landowner contained in the note that the last material used in the construction of a dwelling located on the real estate affected by such mortgage liens was furnished within four months prior to filing of the lien statement, and where the undisputed evidence introduced at the trial shows that the last material was furnished nine months prior to the filing of the lien statement, a judgment establishing the lien of such materialman as a prior lien will be set aside.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No 5.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by Long-Bell Lumber Company, a corporation, against Local Building and Loan Association, a corporation. Mary Weber, administratrix of the estate of David Weber, deceased, Hannah Waken, W. E. McNabl P. P. Nusz. and Julia Nusz, to foreclose mechanic's and materialman's lien. Judgment for plaintiff, and defendants appeal Reversed.

Everest, Vaught & Brewer, Daniel Huett, and E. F. Smith, for plaintiffs in error.

McKeever & Moore, for defendant in error.

Opinion by FOSTER, C. This case presents error from the district court of Garfield county. The controversy arose between plaintiffs in error, Local Building & Loan Association, a corporation, Mary Weber, administratrix of the estate of David Weber, deceased, Hannah Waken, W. E. McNabb, P. P. Nusz, and Julia Nusz, defendants below, and defendant in error, Long-Bell Lumber Company, a corporation, plaintiff below, as to priority between an alleged mechanic's and materialmen's lien asserted by defendant in error and certain mortgage liens held by certain plaintiffs in error against certain real estate located in City View addition of the city of Enid, Okla., of which P. P. Nusz was the owner.

Parties will be hereinafter referred to as they appeared in the court below.

The trial court adjudged the defendant in error to be the holder of a valid first mechanic's and materialman's lien upon the property mentioned, superior to the claims of the plaintiffs in error under their mortgages, adjudged Local Building & Loan Association. Mary Weber, administratrix of the estate of David Weber, deceased, and Hannah Waken to be the holders of a valid second, third, and fourth mortgage lien respectively against said property, refused to allow an attorneys fee of $160 claimed by Local Building & Loan Association under its mortgage, and rendered judgment accordingly foreclosing the said liens.

The answer of the defendant P. P. Nusz disclosed that he had been discharged as a bankrupt on or about the — day of May, 1922. Motion for a new trial was filed and overruled, and the defendants bring the cause regularly on appeal to this court on petition in error and case-made.

It is the contention of the plaintiffs in error that the judgment and findings of the trial court are not sustained by any evidence. The plaintiff introduced its manager, Harry B. Forseman, who testified that plaintiff had lost its journal records, original tickets, and original ledger pages covering the transaction involved, and that the note introduced in evidence by the plaintiff as exhibit "A" and the lien statement as exhibit "B" were the only records plaintiff had of the transaction; that he did not make out the lien statement which was signed by Mr. Pennybaker, former manager of the plaintiff, and did not know of his own knowledge that the dates and amounts set forth in the lien statement were true.

Mr. Pennybaker. who executed the lien statement, was not produced as a witness at the trial.

Among other things, the note introduced in evidence contained this provision:

"This note is given for material purchased by me from the Long-Bell Lbr. Co., and used in the erection and construction of a certain dwelling house located on lot 7, block 3, City View addition to the city of Enid, Garfield county, state of Oklahoma. Last material delivered and used on said dwelling hou e May 9, 1921."

It was stipulated that the lien statement introduced in evidence and attached to plaintiff's petition as exhibit "B" was filed in the office of the court. clerk of Garfield county on August 22, 1921.

These exhibits. the testimony of Mr. Forseman, and the stipulation referred to, constitute all of the evidence introduced by the plaintiff at the trial. The evidence on the part of the defendants disclosed that in the month of May, 1921, the defendant Nusz purchased from plaintiff $111 worth of lumber and paint to be used in the construction of a platform or porch to the house in question, upon which he paid in cash the sum of $45, and that this addition was immediately thereafter constructed, but that the original contract did not contemplate or include the erection of such porch, and that the house was completed in conformity to the original contract in the month of November, 1920, and some four or five months previous to the date on which the additional material was furnished.

This evidence on the part of the defendants was uncontradicted, unless it can be said that the statements contained in the exhibits hereinbefore referred to were in contradiction thereof. It is contended by the plaintiff that inasmuch as the answers of the various defendants were unverified, under provisions of section 287, Comp. Stat. 1921, the execution of the note was admitted, and that the question of whether or not the material purchased for which the lien was claimed was used in the erection and construction of a house in question. and whether the last material was delivered and used in construction of the house on May 9, 1921. were thereby entirely eliminated as elements of proof.

It is no doubt true that this state of the record would render the question of the existence of the debt evidenced by the note in question, as between the plaintiff and Nusz. as well as the question of payment thereof by Nusz, as testified to by him. outside the

issues raised by the pleadings, but we cannot agree to the proposition that the primary elements of the plaintiff's lien did not remain in issue as against the defendants claiming an adverse interest under their mortgages in the real estate affected by it One of the elements of such lien is that the last material was furnished within four months prior to the filing of the lien statement.

The right to the lien asserted by the plaintiff is a creature of the statute, and such right will not be enlarged upon as against parties claiming an adverse interest in the real estate affected by it. Basham v. Goodholm & Sparrow Investment Company, 52 Okla. 536, 152 Pac. 416.

It devolved upon the plaintiff to establish its lien by competent testimony. and the failure of the defendants to deny under oath the execution of the note signed by the defendant Nusz and containing statements as to the date on which certain materials were furnished and that the same were used in the construction of the dwelling in controversy did not relieve the plaintiff of this burden.

The mechanic's lien statement was not evidence of the matters therein contained, but was only a statement filed for the purpose of perfecting a statutory lien. It cannot be regarded as a matter of evidence any more than the affidavit of any person introduced in evidence. Mr. Pennybaker, the maker of the lien statement, did not testify in the case, and the lien statement was simply the hearsay statement of a person not before the court.

Mr. Forseman stated that he had no personal knowledge of the transaction, and did not claim to know that the statements contained in the exhibits were correct. Nor can the statements of the defendant Nusz in the note, although its execution be taken as admitted, relieve the plaintiff of the burden of establishing the primary elements of its lien as against the defendants claiming an adverse interest in the real estate involved under valid and subsisting mortgage liens.

If extraneous and collateral statements such as those contained in the note executed by Nusz should be received as evidence of a mechanic's and materialman's lien, as against other lien holders it would open the door to fraud. and make it possible for the land owner in collusion with the materialmen to oust all other lien claimants.

The undisputed evidence showing that the residence was completed in November, 1920, and that the last material used was furnished prior to that time, it follows that the plaintiff failed to perfect its lien by filing the required lien statement in the office of the court clerk of the county in which the real estate was located within four months thereafter. The defendants admit that the plaintiff has a lien prior to the lien of the defendants Mary Weber, administratrix of the estate of David Weber, deceased, and Hannah Waken for the sum of $66, but subject to the lien of the defendant Local Building & Loan Association.

It appears that while the material under the contract of May, 1921, was furnished subsequent to the date on which the defendant Local Building & Loan Association had filed its mortgage, it was furnished prior to the time on which the other defendants had perfected their mortgage liens. It does not appear that the attorney's fee of $160 provided for in the mortgage of the defendant Local Building & Loan Association is excessive or extortionate, and we know of no reason why the contract by which this amount was agreed upon should not be carried out. Gurley v. Williams, 46 Okla. 629, 149 Pac. 229.

It therefore follows that the judgment of the trial court should be reversed, with directions to set aside the judgment herein and enter judgment establishing the lien of the defendant Local Building & Loan Association under its mortgage as a first and prior lien, such lien to include attorney's fees provided by such mortgage in the amount of $160 on the premises in controversy and establishing the liens of Mary Weber, administratrix of the estate of David Weber, deceased, and Hannah Waken under their mortgages, together with attorney's fees provided in said mortgages as second and third liens, respectively, the liens of the last two defendants, however, to be subject to the materialman's lien of the plaintiff Long-Bell Lumber Company for $66, and that it cause such other proceedings to be taken, not inconsistent with the views herein expressed, as accord with right and justice.

By the Court: It is so ordered.