## YALE THEATRE CO. et al. v. MAJORS & SCHEER.

No. 16836—Opinion Filed Sept. 14, 1926.

Rehearing Denied Jan. 18, 1927.

1. **Pleading—Action on Verified Account— Failure of Defendant to Deny Under Oath.**

Where plaintiff's petition pleads a contract for building a house and a mechanic's lien statement properly verified is filed in the court clerk's office, attaching a copy to the petition, declaring the itemized account thereof to be correct and the amount shown therein to be due and owing plaintiff, the correctness of said account is incontestable unless denied under oath by defendant as provided by section 287. C. S. 1921.

2. **Trial—Demurrer to Evidence as Searching Both Pleadings and Evidence.**

A demurrer to the evidence searches the record to determine the status of the pleadings, as well as the sufficiency of the evidence complained of, before the court is warranted in sustaining or overruling it.

3. **Same—Pleading—Action on Verified Account to Enforce Mechanics' Lien—Sufficiency of Evidence Where General Denial Unverified.**

Where plaintiff pleads a contract and a mechanic's lien statement and account as above stated, and prays judgment for items as shown by the account and foreclosure of mechanic's lien, and defendant answers by unverified general denial, and further pleads items of set-off in failure of plaintiff to comply with the contract, which contract is admitted, there is no issue as to terms of the contract and the itemized account so pleaded by plaintiff, and when plaintiff introduces the original lien statement with the account and testimony tending to show that he has fulfilled the contract and has not been paid the items of the said account, the proof is good against a demurrer to same.

4. **Same—Discretion of Court in Refusal to Permit Amendment of Answer by Affidavit Denying Correctness of Account.**

Where plaintiff pleads a verified account and defendant answers by unverified general denial and set-off, the refusal of the court to permit defendant, after demurrer to the evidence has been overruled in trial of case, to amend his answer by affidavit denying the correctness of the verified itemized account, thereby changing the defense pleaded in the answer, was not an abuse of judicial discretion.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Creek County; W. N. Eagleton, Assigned Judge.

Action by Majors & Scheer, a copartnership consisting of R. E. L. Majors and J. W. Scheer, against Yale Theatre Company et al. Judgment for plaintiff, and defendants appeal. Affirmed.

Streeter Speakman, Phillip J. Kramer, and R. P. Colley, for plaintiffs in error.

Hughes, Foster & Ellinghausen, for defendants in error.

Opinion by THREADGILL, C. Plaintiff brought its action on the written contract and for balance due on an account for extras in building an opera house in the city of Sapulpa, and foreclosure of its mechanic's lien on the same to satisfy the amount claimed in the sum of $7,132.31 with six per cent. interest from March 1, 1924. A copy of the contract and a copy of the lien statement with its verification were attached to the petition. The verification of the lien statement was as follows:

"J. W. Scheer, being of lawful age and first duly sworn, says that he is one of the members of the copartnership, the claimant above named, in the foregoing statement of mechanic's lien. That he has read said statement, knows the contents, and that the names of the owners, names of the contractors, the description of the property upon which the lien is claimed, and that items of account as therein set forth are just, true, and correct.       J. W. Scheer."

Then follows the jurat of the notary public.

Defendants, in their answer and cross-petition, admit the contract pleaded by plaintiff, and plead it themselves, and attach copy, and then they deny that plaintiff fulfilled the terms of the contract in certain specified items amounting to $4,000. Thereupon they pray that plaintiff take nothing by its action, and that they have judgment for $4,000. There is no verification of the answer and cross-petition, and no denial under oath of plaintiff's itemized and verified account attached to plaintiff's petition, as a part of the lien statement. There was a reply of general denial, and upon the issues as thus made up, the cause went to trial to a jury on April 3, 1925, and resulted in a verdict and judgment in favor of plaintiff for $4,111.39, and foreclosure of mechanic's lien, and the defendants have appealed by petition in error and case-made asking for a reversal of the judgment.

There are three assignments of error. The first is that:

"The court erred in overruling the demurrer of the defendants to the plaintiff's evidence. The court assuming and holding that burden of proof was on the defendants by reason of the verified mechanic's lien attached to plaintiff's petition."

It will be observed that plaintiff, in making out its case, introduced its lien statement, and at this point the record shows as follows:

"By Mr. Speakman: We here waive identification, agree it was filed as shown on the back.

"By Mr. Foster: And has been in the county clerk's office. We offer the original lien statement filed by Majors & Scheer, a copartnership, plaintiff in this case, on April 6, 1924, attached to—which is verified statement of the account sued upon in this case. It is agreed that this may be introduced.

"By Mr. Speakman: We object to it except for the purpose of showing the existence of the lien.

"By the Court: You mean you don't object to the right of the lien, you admit it was filed in time, and is a proper statement attached?

"By Mr. Foster: In other words, you admit what the lien shows on its face.

"By Mr. Speakman: Admit that it was filed. We don't want to be understood we admit what the lien shows on its face.

"By the Court: You gentlemen admit that the lien was filed in time, but do not admit the amount due and owing as shown on the lien?

"By Mr. Speakman: Yes."

Thereupon the lien statement was admitted in evidence. It does not appear to what extent the court admitted the lien statement as evidence; the defendants did not call for a definite rule on the point, nor was there any exception taken to the admission of the evidence. Thereupon, R. E. L. Majors, a member of the plaintiff partnership, was called as a witness, and stated that he was a member of the firm of Majors & Scheer; that they had the contract with defendants to build the Victorian Theatre in the city; that all the materials and labor set out in the lien statement were furnished by them in building such theatre. On cross-examination, the witness stated that he knew the first item in the lien statement of $33,000, the contract price, was furnished by plaintiff; that the building was completed according to contract and specifications. After the witness answered the questions and gave this testimony, counsel for plaintiff objected as improper ex-

amination as going into the correctness of the account, and the court held that this would be improper, but the court did not strike the answer from the jury, and in fact the answer was in favor of the plaintiff and against the defendants. They excepted, but did not offer any question tending to impeach the account, the answer to which was refused by the court. The plaintiff rested and the defendant offered a demurrer to the evidence, which was overruled, and which is the basis of the first assignment of error as above stated.

It is a general rule of long standing in this court that a demurrer to the evidence searches the record to determine the status of the pleadings, whether or not a cause of action has been stated, and the nature of the defense, if any, and upon whom is cast the burden of proof, as well as the sufficiency of the evidence contested by the demurrer. Following this rule it will be observed that the contract pleaded by both parties was the basis of the action. The account attached to the mechanic's lien statement served two purposes. One was to itemize the account claimed by plaintiff as growing out of the contract, and the other was to form a part of the mechanic's lien provided by statute, and the foreclosure of which was ancillary to the action. There was no issue as to the contract, or as to the extras to be furnished. The mechanic's lien was verified in general, and the correctness of the items of indebtedness in particular, and it was agreed between the parties that the same was filed and the lien fixed. This statement became a public instrument in the court clerk's office, and was not subject to be withdrawn to be attached to pleadings, but accessible to inspection by any person interested, and when plaintiff pleaded this statement for the purpose of the foreclosure proceedings, we cannot see that it was not sufficiently pleaded by reference to the original record and by attaching a copy to the petition. In other words, we can see no good reason for holding, as contended by defendants, that no verified account is pleaded because the original statement and account are not attached to the petition. It might be otherwise, and with good reason, if the original statement and account were not a public record.

The next question arises as to whether or not the account making up the lien statement, when attached to the petition for the purpose of showing the current transactions between the parties in the construc-

tion of the building, and the balance due under the contract, can be considered as a verified account and its correctness taken as true, under section 287, Compiled Statutes 1921, unless the denial of the same be verified by the affidavit of the defendant, his agent or attorney. Defendants contend for the negative of this question, and cite us to the following cases: 1 C. J. 665 and 666; Myers v. First Presbyterian Church of Perry, 11 Okla. 544, 69 Pac. 874; American National Bank of Tishomingo v. Roberts, 29 Okla. 221, 116 Pac. 774; Buchanan v. Statler. 32 Okla. 206, 120 Pac. 658; M., K. & T. Ry. Co. v. Lawson, 37 Okla. 322, 132 Pac. 321; Local Building & Loan Association v. Long-Bell Lumber Co., 104 Okla. 21, 229 Pac. 1058; and General Specialty Co. v. Tifton Ice & Powder Co. (Ga.) 60 S. E. 121. We have examined all these cases, and fail to find any facts justifying their application to the case at bar. We think the correctness of the account in this case, for the purpose of showing the amount due the plaintiff under the contract, and for which the lien was asked to be foreclosed, was incontestable except by affidavit denying its correctness. There was no issue joined on this account. Defendants pleaded general denial, but this did not affect the account, and they further plead a set-off in the sum of $4,000, consisting of items of defects and defaults, on the part of plaintiff growing out of the contract, and issue was joined on these items. In the trial plaintiff introduced the original mechanic's lien statement, and proved that all the items therein, including the $33,000 original contract price, and the items of extras in the sum of $5,844.30, were used in the construction of the building under the contract, and the items of payment as shown by the account amounted to $31,711.99, leaving a balance due of $7,132.31, the amount sued for. Plaintiff testified that the building was "completed according to contract and specifications"—all of which would be sufficient to make out a prima facie case in favor of plaintiff good against a demurrer to the evidence. We think the court committed no error in overruling defendants' demurrer.

The second assignment of error goes to the instruction of the court; that it was error for the court to instruct the jury that plaintiff was entitled to judgment for the amount prayed for in its petition upon the theory that a verified account was pleaded and not denied under oath, and in further instructing the jury on the theory that the

burden was on the defendants to prove their set-off. What we have said in discussing the first assignment above answers the first part of this assignment, and the rule laid down by the syllabus in the case of Johnson v. Young et al., 47 Okla. 741, 150 Pac. 664, answers the second part of this objection.

The third assignment complains that the court erred in refusing to permit the defendants to amend their answer by denying under oath the correctness of the itemized account. The facts on this point as shown by the record were substantially as follows: After the plaintiff had introduced its evidence and rested, and defendants' demurrer to the same was overruled by the court on the theory that the correctness of the itemized account should be taken as true because not denied under oath by defendants, then defendants asked leave to amend their answer by affidavit, denying the correctness of the account, and the court overruled the request on the ground that the offer was too late. Defendants say this was an abuse of discretion. We think not. Section 318, Compiled Statutes 1921, provides, in substance, that the court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading by inserting other allegations material to the case when such amendment does not change substantially the claim or defense. In the case of United States Fidelity & Guaranty Co. v. Minnehoma Oil Corporation, 116 Okla. 10, 243 Pac. 154, the court held that the trial court did not abuse its discretion in refusing to permit the defendant on the day of the trial to amend its answer to deny the corporate existence of said corporation, and we think the holding of the court in this case is applicable and controlling in the case at bar. and answers defendants' third assignment of error.

Finding no error in the record, the judgment of the trial court is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 40 C. J. p. 439, §607. (2) 38 Cyc. p. 1544. (3) 38 Cyc. p. 1548. (4) 31 Cyc. p. 425.