**HYATT v. VINITA BRASS WORKS.**

No 11098—Opinion Filed April 17, 1923.

(Syllabus.)

1. **Judgment — Judgment Notwithstanding Verdict—Pleadings.**

Under section 5140, Rev. Laws 1910, a judgment notwithstanding the verdict of the jury may be rendered by the court where upon statement in the pleadings one party is entitled by law to judgment in his favor although a verdict has been found against such party; but it is error for the court to render judgment notwithstanding a verdict where upon the statements in the pleadings one party is not entitled to a judgment.

2. **Same—Effect of Amount of Verdict.**

Because a verdict is rendered by the jury for an amount much less than the amount to which such party is entitled, if entitled to recover at all, is not sufficient to entitle the opposite party to a judgment notwithstanding the verdict unless such party is entitled to a judgment on the pleadings without regard to such verdict.

3. **Contracts—Options—Rights of Parties.**

Where a contract for the manufacture of a minimum number of burners and payment of royalty on such minimum number also provides that the plaintiff has the option, in the event of failure to manufacture and pay for such minimum number as provided in the contract to buy the machinery of the company together with their rights under the contract, the plaintiff may elect to exercise his option or to insist upon the manufacture and payment of royalty on the minimum number of burners, and in the event of the failure to pay therefor may maintain an action to recover the amount due, and the other party to the contract has no right to demand of him the exercise of his option and to declare a forfeiture of contract upon failure to exercise such option.

Error from District Court, Craig County; A. C. Brewster, Judge.

Action by B. S. Hyatt against the Vinita Brass Works on contract. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with directions.

John B. Turner, for plaintiff in error.

Wm. Thompson, for defendant in error.

COCHRAN, J. Plaintiff in error commenced this action to recover the sum of $1,188 due him as royalty on a patented oil burner under the terms of a contract made with the defendant in error for the manufacture and sale of such burner. The parties will be hereinafter referred to as plaintiff and defendant as they appeared in the lower court.

The material portions of the contract involved in this case are as follows:

"1st. That B. S. Hyatt hereby surrenders his stock in the Vinita Brass Works, in the sum of $7,500 to said company, and the said company agrees to pay as royalty to the said second party, B. S. Hyatt, the sum of three cents (3c) per dozen for all of the New Way Lamp Burners manufactured and caused to

be manufactured and sold by the said Vinita Brass Works.

"2nd. The Vinita Brass Works further agrees to manufacture or cause to be manufactured, and sell and pay royalty upon at least 300 gross per month after one year from date, and that in the event that said company shall fail to so manufacture, or cause to be manufactured, and sell or pay the minimum royalty of three cents per dozen on 300 gross per month, that the said B. S. Hyatt shall have an option to buy the machinery of said company, together with their rights under this contract, and all contracts that they may have in force and effect affecting said patent for the wholesale price of said machinery and such burners as may then be on hand."

The defendant admitted the execution of the contract, but alleged that before the expiration of one year from the date of the contract, and on the 2nd day of October, 1916, the defendant company adopted a resolution which, after reciting the execution of the aforesaid contract and that it was impossible for the company to manufacture and sell the burners and carry on its business under the contract except at a loss to the company, authorized the officers of the defendant company to notify B. S. Hyatt to exercise his option under said contract on or before the 20th day of October, 1916. On the 28th day of December, 1916, the defendant company passed a resolution which, after reciting the passage of the former resolution and the action of the board of directors on the 21st day of October, 1916, canceling and forfeiting the option of the said B. S. Hyatt, declared that the option of B. S. Hyatt was canceled and forfeited. The answer then alleges that after the resolution purporting to cancel the Hyatt option had been adopted, the defendant corporation entered into a contract with J. F. Watkins, who was a joint owner with B. S. Hyatt of the patent for the oil burner, for the manufacture and sale of the burners. The answer further alleges that the burners which had been manufactured and sold after October, 1916, had been manufactured and sold under the Watkins contract, and that B. S. Hyatt was not entitled to any royalty under such sale, and that the said Hyatt was not entitled to recover because he had failed to comply with the conditions of his contract after being notified to do so.

To this answer a reply was filed which contained (1) a general denial and (2) alleged that the plaintiff at no time consented or agreed to a cancellation of his contract with plaintiff and did nothing on his part to work a forfeiture of said contract; that he at no time surrendered his rights under said contract or terminated said contract, and denied the right of the defendant to revoke or otherwise terminate the contract without the consent of the plaintiff.

The case was tried to a jury and resulted in a verdict for the plaintiff for $150. The defendant filed a motion for judgment notwithstanding the verdict of the jury, and this motion was by the court sustained and judgment rendered for the defendant. From this action of the trial court plaintiff has appealed.

The plaintiff complains that the court erred in rendering judgment for the defendant notwithstanding the verdict of the jury. Section 5140, Rev. Laws 1910, provides as follows:

"Where, upon the statement in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party."

It is contended by the defendant that, inasmuch as the plaintiff under his contract was entitled to recover the sum of $1,188, if he was entitled to recover at all, the verdict for $150 in favor of the plaintiff was in effect a finding by the jury that the contract was not in force and effect. Conceding that the judgment should have been for $1,188 if plaintiff was entitled to judgment at all, it remains that the general verdict of the jury was for the plaintiff, and we would not be justified in saying that the jury found the contract was not in force and effect because the amount of the judgment was for only $150. As to how the jury arrived at the amount of this verdict we are unable to say; but before the trial court would be authorized in rendering judgment for the other party notwithstanding the general verdict of the jury was for the plaintiff, it must appear from the pleadings in the case that the defendant was entitled to a judgment. We are not permitted to speculate as to how the jury arrived at its verdict for the plaintiff; but for the purpose of determining the question before us, it is necessary to ascertain whether, regardless of the general verdict for the plaintiff, the pleadings are sufficient to support such judgment. Foster v. Leftwich, 52 Okla. 28, 152 Pac. 583; Maxon v. Gates (Wis.) 116 N. W. 758; Curtis & Gartside Co. v. Pigg, 39 Okla. 31, 134 Pac. 1125.

It is contended by the defendant that under the pleadings filed in this case the de-

fendant was entitled to a judgment, and, if this contention is true, the trial court properly rendered judgment for the defendant notwithstanding the verdict of the jury. As a basis for this contention, the defendant insists that the only rights which the plaintiff had under his contract with the defendant, in the event the defendant failed to manufacture the burners and to pay the royalty, was to "buy the machinery of said company together with their rights under this contract and all contracts which they may have in force and effect affecting said patent, for the wholesale price of said machinery and such burners as then may be on hand," and that the plaintiff failed to exercise this right after being notified to do so. The defendant does not make it clear why it considers it had the right to demand that the plaintiff exercise his option. In Pope's Legal Definitions we find "option" defined as follows:

"The ordinary meaning of the word 'option' is the right, power, or liberty to elect between alternatives."

In Pittsburg Vitrified Paving & Building Brick Co. v. Bailey (Kan.) 90 Pac. 803, the court said:

"It may be conceded that it is an option contract, yet it does not follow that it can be revoked at pleasure by either party thereto. It is of the very essence of an option contract that one party has the choice of concluding or not concluding the proposed transaction, while the other party has no choice. He undertakes for a certain consideration to do a certain thing or to permit the other party to do a certain thing, within a certain time, on the demand of the other. This right of choice is what the other pays for."

In the instant case, the plaintiff had the right under his contract, after the expiration of one year from the date of the contract, to insist that the defendant pay him the royalty on at least three hundred gross of burners per month at the rate of 3c per dozen, and, in the event of a failure to pay this royalty, it followed as a matter of law that he would have the right to maintain an action for the recovery of the amount due him, or, instead of doing that, he had under his option agreement the right to buy the machinery from the company together with the company's rights in the contract, etc.; but the defendant was without any right to revoke the contract or to compel the plaintiff to exercise the option, which was inserted for his benefit.

The judgment of the trial court is reversed, and cause remanded, with directions to grant a new trial.

JOHNSON, C. J., and KANE, KENNAMER, NICHOLSON, BRANSON, and MASON, JJ., concur.