### DILL v. JOHNSTON et al.

No. 14374—Opinion Filed Nov. 13, 1923.

Rehearing Denied Jan. 15, 1924.

**1. Judgment — Judgment Notwithstanding Verdict.**

Under section 628, Comp. Stat. 1921, a judgment notwithstanding the verdict of the jury may be rendered by the court where upon the statement in the pleadings, one party is entitled by law to judgment in his favor, although the verdict has been found against such party, but it is error for the court to render a judgment notwithstanding the verdict where, upon the statement in the pleadings, one party is not entitled to a judgment.

**2. Same.**

Because a verdict is rendered by the jury for an amount much less than the amount to which such party is entitled, if entitled to a recovery at all, is not sufficient to entitle the opposite party to a judgment notwithstanding the verdict, unless such party is entitled to a judgment on the pleadings without regard to such verdict.

**3. Same—Action for Broker's Commission.**

Where suit is brought to recover a commission, by a real estate agent, for a specific sum, based on a commission of five per cent. of the amount for which the property sold, and the defendant denies any liability. and the jury returns a verdict in favor of the plaintiff for less than the amount sued for, the court is not authorized to sustain a motion for judgment non obstante veredicto and render judgment for plaintiff for the full amount.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Okfuskee County; Fred A. Speakman, Judge.

Action by Wm. G. Johnston and W. Frank Davis against W. H. Dill. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

James C. Davis, for plaintiff in error.

White & Nichols, for defendants in error.

Opinion by JONES, C. This suit was instituted in the district court of Okfuskee county, Okla., October 15, 1921, by William G. Johnston and W. Frank Davis, defendants in error. plaintiffs in the lower court, against W. H. Dill, plaintiff in error, defendant in the lower court, for the recovery of $3.000, alleged to be the commission due plaintiffs on a certain real estate sale made by the defendant, Dill, and was based on a commission of five per cent. of the amount for which the land sold, and plaintiffs further allege that they had a specific agreement with the defendant to the above effect. And that thereafter the defendant Dill sold the land listed with the plaintiffs to J. J. Stocklassa and that said sale was the result of certain efforts on the part of the plaintiff W. Frank Davis, who was a partner and acting for and on behalf of the plaintiff Johnston with whom said land was listed. The defendant Dill files his answer and denies that he made an exclusive listing of the land in question to the defendant, Johnston, and denies that Johnston or Davis either had anything to do or was the procuring cause of the sale but avers that said sale was negotiated and consummated by Andy Higgins, who was interested in the land with the defendant Dill, and that had he known that the plaintiffs herein were concerned with the sale or ex-

pected to claim any commission for the same that he would not have executed the conveyances unless the purchaser would have agreed to have paid the commission; and upon these pleadings the issues were joined. The case was tried to a jury and judgment rendered in favor of the plaintiffs for $1,215, whereupon the defendant filed a motion to vacate and set aside the verdict of the jury and to grant a new trial, and on the same day, to wit, January 24, 1923, plaintiffs filed motion for judgment, notwithstanding the verdict of the jury, asking that judgment be rendered for the sum sued for, $3,090, basing the same on the contention that no issue was joined with reference to the amount of recovery and no such issue was presented to the jury; that there was no evidence before the jury tending to reduce the amount of recovery of plaintiffs, but that the evidence was clear and uncontradicted that plaintiffs, if entitled to recover at all, must recover the sum of $3,090, and that therefore they were entitled to a judgment, non obstante veredicto, which motion was sustained by the court and judgment rendered for the sum sued for, to wit, $3,090, notwithstanding the verdict of the jury. from which judgment of the court the defendant appeals.

Plaintiff in error assigns numerous assignments of error and recites much of the evidence introduced in the trial of the case, but the principal contention and the only one that we think necessary to notice for the purpose of this opinion, is that the court erred in sustaining plaintiffs' motion for a judgment, non obstante veredicto, and in rendering judgment accordingly in favor of plaintiffs in the sum of $3,090.

We think this is a question which has been very clearly determined by this court, in which the court follows the law as announced in section 682, Comp. Stat. 1921, which is as follows:

"Where, upon the statement in the pleadings, one party is entitled by the law to judgment in his favor, judgment should be so rendered by the court, though a verdict has been found against such party."

And in the case of Hyatt v. Vinita Brass Works, 89 Okla. 171, 214 Pac. 706, where this court said:

"Under section 628, Comp. Stat. 1921, a judgment notwithstanding the verdict of the jury may be rendered by the court where, upon the statement in the pleadings, one party is entitled by law to judgment in his favor, although the verdict has been found against such party, but it is error for the court to render a judgment notwithstanding the verdict where, upon the statement in the pleadings, one party is not entitled to a judgment."

And in the second paragraph of the syllabus of the same case, the following rule is announced:

"Because a verdict is rendered by the jury for an amount much less than the amount to which such party is entitled, if entitled to a recovery at all, is not sufficient to entitle the opposite party to a judgment notwithstanding the verdict unless such party is entitled to a judgment on the pleadings with regard to such verdict."

And in the body of the opinion the court said:

"It is contended by the defendant that, in as much as the plaintiff under his contract was entitled to recover in the sum of $1,199, if he was entitled to recover at all the verdict for $150, in favor of the plaintiff was in effect a finding by the jury that the contract was not in force and effect. Conceding that the judgment should have been for $1,199, if plaintiff was entitled to judgment at all, it remains that the general verdict of the jury was for the plaintiff, and we would not be justified in saying that the jury found the contract was not in force and effect because the amount of the judgment was for only $150. As to how the jury arrived at the amount of this verdict we are unable to say; but before the trial court would be authorized in rendering a judgment for the other party notwithstanding the general verdict of the jury was for the plaintiff, it must appear from the pleadings in the case that the defendant was entitled to a judgment. We are not permitted to speculate as to how the jury arrived at its verdict for the plaintiff: but for the purpose of determining the question before us, it is necessary to ascertain whether, regardless of the general verdict for the plaintiff, the pleadings are sufficient to support such judgment."

The same rule had been formerly announced by this court in the case of Barnes v. Universal Tire Protector Co., 63 Okla. 292, 165 Pac. 176; Ry. Co. v. Castanien et al., 23 Okla. 785, 102 Pac. 88; and Whitaker v. Burk, 26 Okla. 786, 110 Pac. 776; and Foster v. Leftwich, 52 Okla. 28, 152 Pac. 583; and also cites section 554, of Comp. Stat. 1921, which provides:

"That when by a verdict either party is entitled to recover money of the adverse party the jury in their verdict must assess the amount of the recovery."

And cites many other authorities in support of this contention.

Defendants in error file a rather exhaustive brief, in which they set forth literally all of the evidence introduced in the case and cite numerous authorities which they think are in support of this contention and uphold the right of the court to render the judgment rendered in this case. but the authorities cited, in our judgment, are not in point.

The case of Continental Gin Co. v. Sullivan, 48 Okla. 332, 150 Pac. 209, and Wallingford et al. v. Alcorn, 75 Okla. 295, 183 Pac. 726, from this court are cited together with many others from other states. But we find they are suits on promissory notes or some written instrument and where the amount which the plaintiff is entitled to recover is not an issue or where the judgment has been rendered in favor of the plaintiff for the amount sued for and the court renders judgment for interest or attorneys fee, which is specifically provided for in the instrument sued on and about which there is no controversy and is a question of law, rather than of fact and determined by the pleadings, and is authorized by an entirely different rule than the rule which applies in this case.

The rule as announced in the authorities cited by plaintiff in error, to the effect that a trial court is without jurisdiction in the absence of official findings to enter judgment non obstante veredicto, unless the same is authorized by the pleadings, we think is applicable and should control in this case, and this being the only material issue in this case, we think the court was in error in rendering the judgment notwithstanding the verdict of the jury, and recommend that the case be reversed and remanded for further proceedings in conformity to this opinion.

By the Court: It is so ordered.