## SCHAAP v. WILLIAMS.

No. 14770—Opinion Filed Feb. 12, 1924.

Rehearing Denied April 22, 1924.

### 1. Judgment — Judgment Notwithstanding Verdict.

Under section 5140, Rev. Laws 1910, a judgment notwithstanding the verdict of the jury may be rendered by the court where, upon statements in the pleadings, one party is entitled by law to judgment in his favor, although a verdict has been found against such party; but the court cannot render judgment notwithstanding a verdict where, upon the statements in the pleadings, one party is not entitled to a judgment.

### 2. Appeal and Error—Discretionary Rulings—New Trial.

A motion for a new trial on account of newly discovered evidence is addressed to the sound discretion of the trial court, and in the absence of an abuse of such discretion, its action thereon will not be disturbed upon appeal.

### 3. Evidence—Entries in Express Books.

Record entries in books of an express company are inadmissible as evidence under section 653, Comp. Stat. 1921, when it does not appear by the oath of the person who made such entries that they are correct, and were made at or near the time of the transaction to which they relate, or where proof of the handwriting of

the person who made the entries, in case of his death or absence from the county, is not made.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Cherokee County; E. A. Summers, Judge.

Action by John Schaap, doing business under the style and firm name of John Schaap & Sons Drug Company, against C. Ross Williams, on verified account. Judgment for defendant, and plaintiff appeals. Affirmed.

Bruce L. Keenan, for plaintiff in error.

Vance & Bliss, for defendant in error.

Opinion by FOSTER, C. The plaintiff in error, John Schaap, doing business under the style and firm name of John Schaap & Sons Drug Company, plaintiff below, brought suit against C. Ross Williams, defendant in error, defendant below, in the district court of Cherokee county, Okla., to recover the sum of $300 alleged to be due him on a verified account.

The parties will be hereinafter referred to as they appeared in the trial court.

It was alleged in plaintiff's petition that the amount claimed represented a balance due him upon an account for goods, wares, and merchandise sold and delivered by them to the defendant, and for interest on the past due account maturing from time to time, as shown by a verified account set out and made a part of the petition.

The answer of the defendant was an unverified general denial of each and every allegation contained in the petition, and a specific denial that he was indebted to the plaintiff in the amount alleged in the petition.

There was a trial to a jury which resulted in a verdict for the defendant, whereupon the plaintiff filed his motion for judgment notwithstanding the verdict for the sum of $44.84, which he claims was virtually admitted by the defendant to be due him under the evidence. This motion was overruled, whereupon plaintiff, on the 19th day of April, 1923, filed his motion for a new trial, and again, on the 24th day of April filed his supplemental motion for a new trial, in which supplemental motion it was sought to obtain a new trial upon the ground of newly discovered evidence. Attached to the supplemental motion was an affidavit by J. D. Parsons, local agent of the American Railway Express Company at Tahlequah, Okla., in which it was alleged that on the 11th day of September, 1919, an express package shipped from Fort Smith, Ark., on the 10th day of September, 1919, weighing 172 pounds, and being numbered 421, addressed to Williams Drug Company of Tahlequah, Okla., was delivered to the defendant and receipted for by him; that he is acquainted with the handwriting of the defendant and that the signature attached to the receipt is in the handwriting of the defendant, and that the original receipt signed by said defendant had been since the delivery of said shipment in the office of said express company and in its custody at Tahlequah, Okla.

The trial court overruled and denied both the original and supplemental motions for a new trial, to which the plaintiff excepted and brings the cause regularly on appeal to this court on petition in error and case-made.

At the trial the deposition of H. H. Hedges was read and the defendant objected to certain answers by the witness to questions propounded upon the ground that the testimony was not the best evidence of the matters concerning which the witness was testifying and was therefore inadmissible. The court sustained the objection and refused to permit the evidence to go to the jury.

Several specifications of error are set out in the petition in error, but plaintiff argues all of them under three propositions. It is insisted that the trial court committed reversible error:

(1) In overruling the motion of plaintiff for judgment notwithstanding the verdict for the reason and upon the ground that under the [undisputed] evidence the plaintiff was entitled to a verdict in any event of $44.84.

This contention cannot be sustained. The record discloses that at the conclusion of the opening statement of counsel for both sides and just before the introduction of the testimony, defendant's counsel made the following announcement:

"It is agreed by and between the parties hereto that the only item of difference between the parties is the $105.21, and the interest sought to be charged by the plaintiff on the open account."

This statement was dictated into the record by counsel for defendant in the presence of plaintiff's counsel and was clearly intended to limit the issues arising under the pleadings filed to the item of $105.21, and the interest sought to be charged by plaintiff on the open account. That the court so understood the matter is evident from the fact that in the judg-

ment which the court later pronounced upon the verdict of the jury it was recited that by stipulation of the parties the issues between the parties in the case only arose on the item of $105.21, and the items of interest set out in the petition which amounted to $167.53.

If this announcement by defendant's counsel did not contemplate a stipulation by the plaintiff that any amount claimed in the petition in excess of the item of $105.21 plus the items of interest set out in the petition was to be eliminated from consideration by the jury, it seems to us that plaintiff should have objected at the time and the claim now made that he is entitled to judgment in any event for $44.84 upon the theory that the defendant alone was bound by said statement of his counsel cannot prevail.

But regardless of the effect of the stipulation referred to, if, as contended by plaintiff, the question of the liability of the defendant for any amount in excess of the item of $105.21 plus the interest on the open account remained in issue under the pleadings, it would have been error for the court to have sustained plaintiff's motion for judgment notwithstanding the verdict.

In the case of B. S. Hyatt v. Vinita Brass Works, 89 Okla. 171, 214 Pac. 706, our court, speaking through Mr. Justice Cochran, said in the first paragraph of the syllabus:

"Under section 5140, Rev. Laws 1910, a judgment notwithstanding the verdict of the jury may be rendered by the court where upon statement in the pleadings one party is entitled by law to judgment in his favor, although a verdict has been found against such party; but it is error for the court to render judgment notwithstanding a verdict where upon the statements in the pleadings one party is not entitled to a judgment."

We think the entire record supports the conclusion that under the stipulation referred to this item was eliminated entirely from consideration by the jury, and that the trial court did not err in refusing to sustain the motion for judgment for plaintiff notwithstanding the verdict.

It is next insisted that the trial court abused its discretion in not granting a new trial upon the ground of newly discovered evidence. An examination of the affidavit of J. D. Parsons fails to disclose that the alleged signed receipt by the defendant for an express package or box, shipped from Fort Smith, Ark., on the 10th day of September, 1919, could not have

been discovered by the use of reasonable diligence in time for the trial. It is not claimed that this testimony was not in the possession of the affiant at the time of the trial and at all times prior thereto since the 11th day of September, 1919, and the affiant does not state in his affidavit that he was requested by plaintiff to make a search of his records to enable him to discover whether or not he had the receipt in his possession at or prior to the trial, or that the plaintiff was misled and defeated in his effort to produce this evidence at that time by virtue of any statement on his part that the receipt had been destroyed.

In these circumstances we cannot say that this testimony could not with reasonable diligence have been obtained and produced at the trial, or that the trial court abused its discretion in refusing to grant a new trial upon the ground of such newly discovered evidence.

Our court has held many times that a motion for a new trial on account of newly discovered evidence is addressed to the sound discretion of the trial court, and it appears that such discretion has not been abused, the ruling of the court will not be disturbed on appeal.

There is nothing in the affidavit filed from which it can be said that the testimony referred to could not have been discovered before the trial by the exercise of reasonable diligence.

It is finally insisted that the trial court erred in excluding certain testimony from the deposition of the witness Hedges. It appears that this witness in answer to a question propounded by plaintiff at the time of the taking of his deposition undertook to detail what was shown by certain records of the American Railway Express Company at Fort Smith, Ark., with reference to certain disputed shipments of drugs from the plaintiff company at Fort Smith, Ark., to the defendant at Tahlequah, Okla., on the 9th and 10th days of September, 1919, in the absence of the agent of said express company, who was responsible for such record entries. The trial court excluded this evidence and in doing so, we think, committed no error.

There was no showing or offer to show that the entries were made in the handwriting of a person authorized to make them; that they were made in the usual course of business and at or near the time of the transaction to which they purported to relate, or that they were correct entries and that the testimony of the person making them was inaccessible.

In these circumstances, we think that no proper foundation was laid for the admission of this testimony, and that the court committed no error in excluding it from consideration by the jury. Missouri, K. & T. Ry. Co. v. Walker, 27 Okla. 849, 113 Pac. 907; Muskogee Electric Traction Co. v. McIntire, 37 Okla. 684, 133 Pac. 213; Seneca Co. v. Doss, 59 Okla. 149, 158 Pac. 575.

The contention made that the defendant by failing to appear and object to this testimony at the time the deposition was taken waived his right to object at the trial is, we think, untenable.

Under our statute exceptions to a deposition as a whole are deemed waived unless filed before the commencement of the trial, but counsel has called our attention to no Oklahoma statute or controlling decision of our court, and we think there is none, holding that a party by failing to appear at the taking of a deposition waives his right to object at the trial to any testimony read where such testimony is inadmissible.

For the reasons stated the judgment of the trial court should be and is hereby affirmed.

By the Court: It is so ordered.