## MONTIE OIL CO. v. NICHOLS.

No. 13694—Opinion Filed March 11, 1924.

1. **Action—Prematurity in Part—Waiver of Objection—Cure by Judgment.**

Where a cause of action founded upon a demand which was due and unpaid at the commencement of the action is joined by a petition with another cause of action founded upon a claim which was not due at the time of the commencement of such action. the court may render judgment for the amount which was not due at the time the action was brought but subsequently fell due and was unpaid when the judgment was rendered. The proper practice in such a case is for the plaintiff to sue only for the amount due and subsequently when the other amount becomes due, to file a supplemental petition. asking judgment therefor also. But where no objection is made to the form of the pleadings, it is not erroneous to render judgment on the petition for the entire amount, although part was not due when the petition was filed.

2. **Same—Refusal of Judgment Notwithstanding Verdict.**

In such a case the defect is in the form of the petition and should be raised by timely motion directed specifically to the cause of action founded upon the demand not due, and the defendant failing to raise the question of defect in the form of the petition, and by incorporating in his answer a plea designated as a plea in abatement which in effect alleges that all claims upon which plaintiff seeks to recover in his petition are not due, waives such defect in the form of the petition and a motion for judgment notwithstanding the verdict is properly overruled.

3. **Judgment — Judgment Notwithstanding Verdict.**

Under section 5140, Rev. Laws 1910, a judgment notwithstanding the verdict of the jury may be rendered by the court where upon statements in the pleadings one party is entitled by law to judgment in his favor. although a verdict has been found against such party; but the court cannot render judgment notwithstanding a verdict where upon the statements in the pleadings one party is not entitled to a judgment.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Washington County; J. R. Charlton, Judge.

Action by G. H. Nichols, against Montie Oil Company, a corporation, to recover a money judgment. Judgment for plaintiff, and defendant appeals. Affirmed.

Shipman & Lewis, for plaintiff in error.

H. H. Montgomery and S. J. Montgomery, for defendant in error.

Opinion by FOSTER, C. This action was commenced in the district court of Washington county, Okla., on March 30, 1921, by G. H. Nichols, defendant in error, plaintiff below, against Montie Oil Company, a corporation, plaintiff in error, defendant below, to recover the sum of $6,995.18 alleged to be due for work done, labor performed, and materials furnished in the drilling of an oil and gas well upon certain lands located in Osage county, Okla.

The parties will be hereinafter referred to as they appeared in the trial court.

The petition contained three causes of action.

The first cause of action claimed the sum of $2,587.50 due under an oral contract whereby the plaintiff on the 19th day of December, 1920, completed an oil and gas well on certain lands owned and controlled by the defendant to a depth of 1,050 feet, and whereby it was claimed the plaintiff was to receive the sum of $1.75 per foot for the drilling thereof.

The second cause of action claimed the sum of $4,407.68 earned after the completion of the well to the contract depth as day work for cleaning out, fishing, underreaming and attempted deepening of the said well, and attached to his petition an itemized statement showing that the last work performed under the second cause of action was performed on the 16th day of February, 1921.

The third cause of action sought a recovery of $478.23 for the use of certain tools and supplies last furnished on February 24, 1921.

The first paragraph of the defendant's answer is as follows:

"That said plaintiff ought not to be permitted to prosecute this action for the reason that the same was prematurely brought, and that, as shown by said petition itself and on the face thereof, said action is founded upon a claim for work done, labor performed and materials furnished, which comes within the purview of the mechanics lien laws of the state of Oklahoma; and that under said mechanics lien laws, this defendant would not be liable for an action thereon until the expiration of sixty days from the date the last work was done, labor performed and material furnished constituting the foundation of said claim; and as further shown by said petition and exhibits thereto attached, said last work was done, labor performed and materials furnished on the 16th day of February, 1921, and the 24th day of February, 1921, respectively; and as shown by the files in this cause said action was commenced on March 30, 1921;

that the necessary sixty days had not expired from and after the date work was last done, labor performed or materials furnished, when said action was commenced; that for the reasons herein stated, plaintiff's action should abate and be dismissed."

The remainder of its answer consisted of a general denial and certain other matters in defense which are not important and which do not enter into the determination of this case.

On the issues thus framed the cause proceeded to trial on the 4th day of February, 1922, before a court and a jury and resulted in a verdict in favor of the plaintiff for the sum of $2,667.50. Motion for judgment notwithstanding the verdict and for a new trial was filed and overruled, exceptions saved, and the defendant brings the cause regularly on appeal to this court upon a transcript of the record, assigning the following errors:

(1) Said court erred in not rendering judgment for the plaintiff in error notwithstanding the verdict.

(2) Said court erred in not rendering judgment for the plaintiff in error dismissing the petition of defendant in error, because said action was prematurely brought as shown by said petition itself.

(3) Said court erred in refusing to instruct the jury to return a verdict for the plaintiff in error.

Only one proposition is discussed by the defendant in its brief, namely:

Was the action of the plaintiff prematurely brought?

It is insisted that the action of the plaintiff was an action by a contractor against an owner of property liable for mechanic's and laborer's lien, and that under the provisions of section 7463, Comp. Stat. 1921, the owner is not liable in an action by such contractor until the expiration of 60 days from the date of the last work done, or materials furnished under the contract.

The petition of the plaintiff discloses, however, that with respect to the first cause of action thereof all of the provisions of the contract were fully performed by the plaintiff on and before the 19th day of December, 1920; that on that date the well had been completed to the Bartlesville sand and that there became due him on that date the sum of $2,587.50, computed on a basis of $1.75 per foot.

The fact that the plaintiff sought a recovery of another sum of money in the same action upon another cause of action which became due within less than 60 days

of the commencement of plaintiff's action could not, in our judgment, defeat a judgment for plaintiff on both causes of action unless the first paragraph of defendant's answer properly raised this question.

The case of El Reno Electric Light & Telephone Company v. W. R. Jennison, 5 Okla. 759, 50 Pac. 144, laid down the rule as follows in the fifth paragraph of the syllabus:

"Where demands due at separate times are included in a mechanic's lien and parts of the lien described were due at the time the action was brought, and part not due, the court may render judgment for the amount which was not due at the time the action was brought but subsequently fell due and was unpaid when the decree was rendered. The proper practice in such a case is for the plaintiff to sue only for the amount due, and then subsequently, when the other amount becomes due, to file a supplemental petition asking judgment therefor also. But where no objection was made to the form of the pleadings, it was not erroneous to render judgment on the petition for the entire amount, although part was not due when the petition was filed."

In this case the court holds, in effect, that if the plaintiff had any cause of action that was due and unpaid at the time the action was brought he had a right to bring his suit to enforce his demand and he could not be defeated because another cause of action was joined founded upon a claim which was not due at the time the action was brought. This being true, a plea to the merits that the debt was not due at the time of the commencement of the action would simply raise an issue of fact and could not be raised by motion for judgment notwithstanding the verdict; but the defendant in the instant case has attempted to raise this question by a plea in abatement of the entire action to the effect that the entire debt upon which the plaintiff seeks to recover by his petition is not due, but such a plea goes to the merits of the action and, in effect, is a general denial. Landis v. Morrissey (Cal.) Cham Jones, Judge.

The court in the Jennison Case, supra, goes on to say that a defect in a petition such as is disclosed by the record in this case goes only to the form and not to the substance, and could be cured by the filing of a supplemental petition, asking judgment for the amount claimed in any cause of action not due at the commencement of the trial, but which became due before judgment, and that in the absence of objection to the form of the petition, it would not constitute error to render judgment for the entire amount.

If by the filing of a plea in abatement the defect in the form of a petition could have been raised at all by the defendant it should have been directed specifically to the second cause of action so that the court by appropriate action could have stricken it from the petition or entered such order as would save the plaintiff's right to file a supplemental petition as to that cause of action on or before the trial and not abate or defeat the entire action.

We therefore hold that the defendant having failed to properly raise the defect in the form of the petition by timely and proper motion or plea and by joining issue upon the merits has waived the defect complained of and that the trial court did not err in overruling the motion for judgment notwithstanding the verdict.

It must be borne in mind that the judgment notwithstanding the verdict will not be rendered unless upon the statement contained in the pleadings one party is entitled as a matter of law to the judgment in his favor, although a verdict has been found against such party.

We have already found that the action of the plaintiff was not premature and presented an issue of fact which the jury found in favor of the plaintiff, and therefore it would have been error for the trial court to have sustained a motion for judgment notwithstanding the verdict. Hyatt v. Vinita Brass Works, 89 Okla. 171, 214 Pac. 706.

Having arrived at the conclusion that the action of the plaintiff was not prematurely brought under the provisions of section 7463, Comp. Stat. 1921, it is unnecessary to consider and pass upon the further contention of the plaintiff that this section has no application unless the action brought is for the foreclosure of liens contemplated and provided for therein, and has no application where a recovery is sought under the provisions of the common law.

For the reasons stated the judgment of the trial court should be and is hereby affirmed.

By the Court: It is so ordered.