## ODOM v. CEDAR RAPIDS SAVINGS BANK.

No. 16359—Opinion Filed March, 9, 1926.

(Syllabus.)

**Judgment—Judgment Notwithstanding Verdict—Pleadings to Authorize.**

Under section 682, Comp. Stats. 1921, a judgment notwithstanding the verdict of the jury may be rendered by the court where upon statement in the pleadings one party is entitled by law to judgment in his favor, although a verdict has been found against such party; but it is error for the court to render judgment notwithstanding a verdict where upon the statements in the pleadings one party is not entitled to a judgment.

Error from County Court, Carter County; A. J. Hardy, Judge.

Action by Cedar Rapids Savings Bank against J. B. Odom. From a judgment for plaintiff, defendant appeals. Reversed and remanded, with directions.

R. A. Howard, for plaintiff in error.

Potterf, Gray & Poindexter, for defendant in error.

PHELPS, J. J. B. Odom executed and delivered his five several promissory notes of $55 each, payable to the Seranado Manufacturing Company, which sold them to the Cedar Rapids Savings Bank. The notes were not paid when due, suit was brought in the county court of Carter county by the Cedar Rapids Savings Bank, praying judgment on the notes, and alleging that it purchased the notes from the Seranado Manufacturing Company in due course for value prior to maturity and that it was at the date of the commencement of the action the owner and holder thereof. The defendant filed his verified answer, admitting the execution of the notes, and alleged that the notes were given

in the purchase of a talking machine which he bought from the Seranado Manufacturing Company for resale, and that the notes executed were a part and parcel and attached to a contract of purchase, which provided that:

"If I have not sold this machine by December 26, 1921, this contract is void and contract and notes to be returned to me at once and machine here subject to your orders."

The defendant further alleged that the machine was not sold by December 26, 1921, and that he held the same subject to the order of the Seranado Manufacturing Company, as per the terms of his contract, and that the notes under said contract were, therefore, void and should be returned to him; further alleging that plaintiff knew the conditions under which said notes were given; and specifically denied that the plaintiff was the owner and holder in due course, and denied that it acquired said notes before maturity, and prayed the cancellation of the notes. To the defendant's answer, plaintiff filed its reply, denying generally the allegations thereof, and again alleged that it purchased the notes in good faith for a valuable consideration prior to maturity, in due course without notice of any equity existing in favor of the defendant, and that it had no notice of the contract pleaded by defendant and renewed its prayer for judgment. Upon the issues thus joined the cause was tried to a jury, resulting in a verdict in favor of defendant. Plaintiff then moved for judgment against the defendant notwithstanding the verdict, which motion was sustained and judgment rendered for plaintiff for the amount sued for, to reverse which this appeal is prosecuted.

This appeal presents but one question, to wit. Did the trial court err in rendering judgment for the plaintiff notwithstanding the verdict? and a proper conclusion on that question disposes of this appeal.

In McAlester v. Bank of McAlester, 95 Okla. 193, 218 Pac. 839, this court said:

"It is well settled in this jurisdiction that the court, in the absence of special findings, is without jurisdiction to enter judgment non obstante veredicto unless the same is warranted by the pleadings, and the court is not authorized to render such a judgment because there is an entire lack of evidence to justify the verdict in favor of prevailing party, or because the evidence shows that as a matter of law the court should have directed a verdict in favor of the losing party. Barnes v. Universal Fire Protection Co., 63 Okla. 292, 165 Pac. 176; Curtis & Gartside Co. v. Pigg, 39 Okla. 31, 134 Pac. 1125; Foster v. Leftwich, 52 Okla. 28, 152 Pac. 583; Hyatt

v. Vinita Brass Works, 89 Okla. 171, 214 Pac. 706."

Both plaintiff and defendant in their briefs agreed that this is the settled law of this jurisdiction; that the court was without authority to enter a judgment against the verdict unless the pleadings were such as to entitle the plaintiff to judgment on the pleadings, and this brings us to a consideration of the question as to what the pleadings upon their face show, and was plaintiff entitled to a judgment on the pleadings before going to trial if it had moved the court for such?

In plaintiff's petition it alleged the execution of the notes; the purchase of the notes by it from the Seranado Manufacturing Company in due course, for a valuable consideration, in good faith prior to maturity, and that it was the owner and holder thereof; that they were not paid; that defendant was liable thereon, and that plaintiff was entitled to judgment for the amount sued for. And, in defendant's verified answer, he admitted the execution of the notes, but denied that plaintiff was the owner and holder in due course, and denied that plaintiff acquired the notes before maturity, and further alleged that his contract provided that if the talking machine, for the purchase price for which the notes were given, was not sold by him by the 26th day of December, 1921, the talking machine should be held subject to the order of the Seranado Manufacturing Company and that the notes should be returned to him, alleging that plaintiff knew the conditions under which said notes were given and knew the notes were to be void unless the talking machine was sold by the date specified, all of these allegations being denied by plaintiff in its reply. The pleadings, therefore, clearly, in our judgment, raise an issue of fact properly triable to a jury, and, as above stated, the court had no authority to render a judgment against the verdict unless the pleadings were such as to justify the court in rendering judgment in favor of plaintiff thereon. As we view it, the pleadings, as herein indicated, presented an issue of fact precluding the possibility of a judgment being rendered thereon, and under this view of the pleadings, the trial court erred in rendering judgment against the verdict.

The judgment is therefore reversed, and the cause remanded to the county court of Carter county, with instructions to render judgment on the verdict of the jury.

NICHOLSON, C. J., and LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 33 C. J. p. 1180 §