## THOMPSON v. FLORENCE, Adm'r.

No. 18955. Opinion Filed Feb. 12, 1929.

Blanton, Osborn & Curtis, for plaintiff in error.

Bowling & Farmer, for defendant in error.

HERR, C. This is an action brought in the district court of Garvin county by Jack Florence, administrator of the estate of A. S. Kelly, deceased, against D. Lee Thompson and two others, to recover one-fourth of the proceeds arising from the sale of certain oil and gas leases.

It is alleged that the defendants and Kelly, during his lifetime, jointly purchased the leases in question; that subsequent to the death of Kelly, defendant D. Lee Thompson sold said leases and failed to account to the estate for the proceeds thereof.

The answer was a general denial. The trial was to a jury, resulting in a verdict and judgment in favor of defendants. Thereafter, and on motion of the plaintiff, judgment notwithstanding the verdict was rendered in his favor and against defendant D. Lee Thompson, who appeals to this court.

Judgment must be reversed.

In the case of Odom v. Cedar Rapids Savings Bank, 114 Okla. 126, 244 Pac. 758, this court says:

"Under section 682, Comp. Stats. 1921, a judgment notwithstanding the verdict of the jury may be rendered by the court where upon statement in the pleadings one party is entitled by law to judgment in his favor, although a verdict has been found against such party; but it is error for the court to render judgment notwithstanding a verdict where upon the statements in the pleadings one party is not entitled to a judgment."

It is clear that plaintiff would not have been entitled to a judgment on the pleadings, and his motion for judgment notwithstanding the verdict should, therefore, have been denied.

It is urged that, under the evidence, defendant wholly failed to establish a defense, and that the judgment should be sustained on this theory. Not so. In the case of McAlester v. Bank of McAlester, 95 Okla. 193, 218 Pac. 839, it is decided:

"In the absence of special findings, the court is without jurisdiction to enter judgment notwithstanding the verdict unless same is warranted by the pleadings. The court is not authorized to render such judgment because there is an entire failure of evidence to justify the verdict in favor of the prevailing party, or because the evidence shows that as a matter of law the court should have directed a verdict in favor of the losing party."

The record further discloses that at the trial defendant sought to prove that the estate of Kelly, deceased, forfeited its right under the leases because of failure to pay rental, and evidence was introduced to the effect that the administrator refused, upon demand, to pay rent as provided in the leases, and that the right of the estate in and to the leases was, upon due notice to the administrator, forfeited.

This evidence was admitted over the objection of plaintiff. Counsel for defendant, at the time the objection was passed upon, in open court, made the following announcement:

"No question has ever been raised about the question of pleading in this case, and if there was any question I would ask leave to amend instanter without prejudice to trial, but the court having overruled it, I will not plead that at this time."

It is contended by plaintiff that this announcement is equivalent to an amendment of the answer, pleading forfeiture; that under the law the interest of the estate in the lease could not be forfeited because of failure on the part of the administrator to pay rent, by merely giving him notice to that effect, and that upon his motion for judgment notwithstanding the verdict, the answer was properly treated as amended, and, as so amended, he would have been entitled to judgment on the pleadings.

We do not agree with this contention. The objection was evidently sustained by the trial court on the theory that the evidence was admissible under a general denial. Defendant apparently acquiesced in this ruling, and expressly declined to amend pleading forfeiture.

Even though plaintiff's contention in this respect is correct, which we do not decide, still, under the general denial contained in the answer, plaintiff would not have been entitled to judgment on the pleadings. The fact that the evidence offered by defendant may have been insufficient to sustain his general denial could avail plaintiff nothing under the motion filed.

Judgment should be reversed, and the cause remanded, with directions to overrule the motion for judgment notwithstanding the verdict, and to enter judgment in favor of the defendant in accordance with the verdict of the jury.

BENNETT, FOSTER, TEEHEE, REID, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) anno. 12 L. R. A. (N. S.) 1021; L. R. A. 1916E, 828; 15 R. C. L. p. 606; 3 R. C. L. Supp. p. 474. See "Judgments," 33 C. J. §112, p. 1180, n. 20; §114, p. 1183, n. 47; p. 1185, n. 53.