## ELDRIDGE v. VANCE, Rec.

No. 18995.   Opinion Filed March 26, 1929.

Rehearing Denied June 11, 1929.

A. M. Baldwin and Byron Lamun, for plaintiff in error.

Chas. E. Wells, for defendant in error.

BENNETT, C.  The National Bank of Commerce of Shawnee, Okla., defendant in error, agreed by contract in writing dated April 3, 1924, to sell, and C. H. Eldridge, plaintiff in error, agreed to buy, lots 17, 18, and 19, block 18, Choctaw addition to Shawnee, Okla., for the sum of $8,300, payable $1,100 cash, $108 payable each 30 days thereafter and the balance of $6,480 payable May 1, 1925, the deferred payments represented by promissory notes.  The initial payment was made, and the possession of the property taken over by the purchaser according to contract.

On April 21, 1926, the bank, through its receiver, brought suit for the recovery of said real estate and for damages against said Eldridge and others, alleging that default had been made in the payments provided under said contract; that no payments of interest or principal had been made since the execution of the contract; that the taxes and insurance on the said property had not been paid; that the property was in great need of repair, and was being allowed to deteriorate by reason of lack of repair and that the improvements would soon become worthless; that the defendant, Eldridge, was insolvent and unable to re-

spond in damages either to the amount of damage to the property or to cover a large amount of rents which were then being collected and used by said defendant for his own purposes, and not for the maintenance of the property, the payment of purchase price, the payment of taxes, insurance, etc.; that the plaintiff had many times tendered to said defendant a deed and abstract of title to the said Eldridge and demanded that the payments in arrears be made, but that the said Eldridge had wrongfully refused to accept said tender and had continuously refused to make payments on said contract. It was further alleged that the Shawnee National Bank had wrongfully entered into an arrangement with defendant, Eldridge, for the purpose of preventing the performance of said contract with the view of obtaining either for itself or for said Eldridge the rents and proceeds of said property, but without the observance of the terms of the contract under which it was purchased, and that the said bank, in the prosecution of such design, was moved by malice towards the plaintiff and had entered into such arrangement to oppress and take an · unconscionable advantage of plaintiff, and judgment for damages against the bank was demanded. As to the other defendants, it was alleged that they had or claimed some interest in the subject of the action, the nature of which was not known, but all of which was alleged to be junior and inferior to the rights of plaintiff in the premises.

For the purpose of this appeal, the rights of Eldridge and the receiver of the National Bank of Commerce alone will be considered, as the other parties have passed out of the suit either by stipulation or judgment, and as to whom no appeal has been prosecuted. The parties will be referred to as plaintiff and defendant in the order in which they appeared in the trial court.

The issues made up between said parties were tried to a jury, whose verdict was for the plaintiff for recovery of said real estate and for $1,000 as damages.

The petition was in the usual form setting out the facts hereinbefore alleged, and the answer, after making a general denial, admitted the execution of the contract hereinbefore referred to, and in addition alleged that soon thereafter the National Bank of Commerce went into the hands of a receiver, and that the defendant thereupon made an investigation of the title and discovered that said bank did not own a fee-simple title to the premises, and finally that the defendant had, prior to receivership, a verbal agreement with the said Bank of Commerce to redeliver possession of said property in exchange for the return to defendant of the cash paid on the property and cancellation of defendant's outstanding notes executed under the contract; and that the plaintiff also had failed and neglected to tender a sufficient deed and abstract covering the property; wherefore defendant prays judgment against plaintiff. From a judgment for plaintiff upon and in accordance with the verdict of the jury, as hereinfore indicated, the defendant appeals and in his brief argues his assignments of error under six propositions as follows:

First. That plaintiff must recover upon the strength of his own title and not upon the weakness of his adversary's title. This statement of the law is elementary, and with such statement and cases referred to sustaining same, we fully agree; in fact, such authorities could be multiplied almost indefinitely, but, according to our view, they are not applicable here. Defendant agreed to buy the real estate from plaintiff by written contract, and took possession thereunder, made the down payment, and, in the respective pleadings the contract is set out and relied upon by each of the parties. The defendant's answer even tenders back such contract and possession of the property conditioned only upon the return of his down payment and the cancellation of his outstanding notes. So that it would seem that the question of title to the real estate is not seriously in question here, but only the question as to whether or not the defendant has performed his contract, or whether the plaintiff be in default, and especially in view of the fact that there appears attached to plaintiff's petition copies of muniments of title which upon their face seem to constitute a complete chain of title from the government down to plaintiff, and nowhere in the proof is the regularity or sufficiency of these documents seriously questioned.

Defendant in his answer sets up that the plaintiff did not secure title to said real estate until after the bank went into liquidation, and further that plaintiff did not tender a deed and abstract covering said property to defendant. There is evidence that an unrecorded deed—a link in plaintiff's title—was out of hand, but this seems to have been properly cured by a final judgment in a suit to quiet title. There is evidence that defendant, Eldridge, saw the abstract at the date of purchase, and never demanded it thereafter; that he was importuned many times to make his payments;

there is no substantial proof that his failure to pay was due to any lack of, or any irregularity in, the title; there is no showing that he made an investigation of the title after the title was quieted in plaintiff, and there is evidence likewise that the plaintiff, just before this suit was filed, tendered defendant a title deed and abstract covering the lands in controversy, and the evidence is undisputed that the defendant kept personally or by tenants the possession of, and collected the rentals from, the property in the amount of several thousand dollars in excess of the amount he actually paid on the purchase price, and that the balance due thereon is about $10,000. The exhibits constituting plaintiff's title were introduced without dispute, and there is no counter proof on this issue as to title.

From the entire record it seems clear that before the institution of this suit, the plaintiff had and tendered a deed and abstract showing title to this property, and for all of which reasons we hold that there is no merit in defendant's first proposition.

Second. The second proposition assigns error in the refusal of the court to sustain defendant's motion for judgment non obstante veredicto, which, in the language of his brief, the defendant says "raises the principal question involved in this case." In order to clearly understand defendant's contention, certain facts should be stated. From the evidence it fairly appears that after the defendant had filed his answer, the receiver for the plaintiff realized that the defendant would not comply with his contract, and, being desirous of closing up the affairs of the failed bank, applied to the Comptroller of the Currency for permission to sell the real estate in controversy, and after a full disclosure of the facts a written permission was granted by such Comptroller of the Currency on November 16, 1926, and thereupon such receiver filed in the district court of Pottawatomie county, Okla., a petition and request for permission to sell said property in conformity with such permit of the Comptroller of the Currency. In this proceeding it was set out and found that it was for the best interests of the trust fund and estate that the property should be so sold, provided a purchaser could be secured who would pay $5,000 therefor, and it was likewise set out and found that one George R. Sutton was willing to purchase the property, and he deposited as his bid therefor the sum of $5,000 with the receiver; and in turn the receiver signed and acknowledged a war-

ranty deed covering the real estate aforesaid and made in favor of said George R. Sutton, but said title deed was retained by such receiver awaiting the termination of the suit at bar. The defendant contends that the making of such title deed to Sutton and the holding of same, together with the purchase price, is a violation of the letter and spirit of sections 1678 and 1679, C. O. S. 1921, and that on that account the plaintiff has been guilty of violation of a criminal statute, and that having come into court with unclean hands he cannot recover. These sections prohibit the making or taking of a conveyance to real estate while the title to the same is in controversy, or where the grantor has not been in possession of or receiving the rents therefrom for one year and declares the breach thereof a misdemeanor. Can this action by the plaintiff be considered to offend against either of these sections? We think not. Several reasons might be given. First. There was no deed, covenant, or conveyance executed and passed between the plaintiff and Sutton. One of the elementary definitions, as well as one of the prerequisite essentials of a deed, is that it shall be a paper writing, sealed, signed and delivered. Vol. 2 Words & Phrases (1st Series) p. 1919, and cases cited. There is no pretense of delivery of the deed shown or claimed here. It must be evident that the holding of the deed to await the termination of this suit could have had but one purpose, that is, that if the outcome of the suit were favorable to the plaintiff, it should be delivered; otherwise it should not be delivered. The title to this land could not have been the subject of serious adverse claims between plaintiff and defendant, since defendant entered under a purchase contract from the plaintiff and defendant's answer admitted, and the jury from the proof found, that the defendant was in default in the payment of the purchase price. Furthermore, it will be observed that this sale was made under an order of the court of competent jurisdiction whose judgment was predicated on an order of the Comptroller of the Currency made under federal regulations to preserve the assets of a failed national bank. Second. All the evidence shows that Sutton secured only a verbal promise of this property if the present litigation should be terminated favorably to plaintiff.

In addition to the reasons given above, which deal with the merits of the controversy rather than with its strictly legal phases, it should be noted that the defend-

ant seeks to predicate his contention upon the failure of the court to sustain the defendant's motion for judgment non obstante veredicto. This kind of motion should not be sustained unless the movant is entitled to a judgment on the pleadings. Hyatt v. Vinita Brass Works, 89 Okla. 171, 214 Pac. 706; Dill v. Johnston et al., 94 Okla. 264, 222 Pac. 507; Montie Oil Co. v. Nichols, 98 Okla. 75, 224 Pac. 542; Schaap v. Williams, 99 Okla. 21, 225 Pac. 910; Odom v. Cedar Rapids Savings Bank, 114 Okla. 126, 244 Pac. 758.

"A party is entitled to a judgment non obstante veredicto (1) where such party would be entitled to judgment on the pleadings; and (2) where there are special findings of fact contrary to the general verdict." Hanna v. Gregg et ux., 92 Okla. 34, 217 Pac. 434.

"In the absence of special findings, the court is without jurisdiction to enter judgment notwithstanding the verdict unless same is warranted by the pleadings." McAlester v. Bank of McAlester, 95 Okla. 193, 218 Pac. 839.

For the reasons set out, we conclude that the defendant's second proposition is unsound.

Fourth Proposition. That the court admitted incompetent evidence. The objectionable evidence was oral proof of the contents of a letter sent by the witness to defendant making tender of a deed. The substance of this testimony was brought out on cross-examination of the same witness by the defendant, and for that reason is equally without merit. Moreover, from an examination of all the evidence, we are sure this evidence could not have affected the jury finding.

Sixth Proposition. That the court erred in not sustaining defendant's demurrer to plaintiff's evidence.

Under this contention defendant says plaintiff had no interest in the controversy and therefore could not maintain this suit. The contention is based upon the theory that the undelivered deed to Sutton discussed above divested plaintiff of all interest in the real estate covered by such deed. This contention is fully met by the consideration of defendant's second proposition above. Of course, if the deed was not delivered, the grantor parted with no title and the grantee named in said instrument secured no title. It is true that in answer to a question the receiver said that he had no interest in the real estate in controversy. The witness perhaps had in mind that the plaintiff would succeed in his action, and that thereafter the deed held awaiting the final determination of this litigation would be delivered, but whether he had such in mind or not, it was a determination of a question about which this court has the right of determination taking into consideration this statement along with all the other proof, including the muniments of title, and from all of which we hold that such title remained in the bank and did not pass from it under the undelivered deed retained by the bank to await the outcome of the pending litigation. Certainly, it must be true that if the defendant should win this case Sutton could not recover the deed, but the measure of his recovery would be the return of his $5,000 deposit, and it could not, therefore, be said that the bank has no interest in this controversy, or in the land itself sufficient to sustain this action which has for one of its objects the clearing of the title.

The eighth proposition is that the court erred in refusing to permit defendant to amend his answer to set up the defense of champerty. We have seen fit here to discuss the defendant's claim of champerty as if his pleadings had reflected his entire contentions in order to deal with the question on its merits. But under the peculiar facts of this case, where the defendant has taken possession of the property and collected thousands of dollars in rents without paying taxes, insurance, or the purchase money, and without even keeping the same in repair, we can find nothing to so commend such conduct to our consideration as would justify us in saying that the act of the court in refusing a defense of champerty is an abuse of the discretion lodged with the trial court.

Defendant's ninth proposition is that the judgment is against the law and the evidence. This contention is likewise based upon the assumption that the plaintiff had no interest in the subject of the controversy. This, for the reasons hereinbefore set out, is palpably untenable.

From a survey of the record, pleadings and proof, we are of the opinion that the verdict of the jury and the judgment of the court predicated thereon are properly supported by the evidence, and for which reasons the judgment of the trial court is affirmed.

TEEHEE, LEACH, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.