**CITY OF ARDMORE et al. v. HILL.**

No. 19735. Opinion Filed Nov. 11, 1930.

Rehearing Denied Dec. 16, 1930.

Russell B. Brown, City Attorney, for plaintiffs in error.

Sigler & Jackson, for defendant in error.

ANDREWS, J. The defendant in error filed a suit in the district court of Carter county against the plaintiffs in error to recover damages for an injury to an automobile of plaintiff resulting from a collision between the car of the plaintiff and a car owned by the defendant city of Ardmore, and driven by its employee, the defendant Horston. The parties will be referred to as they appeared in the trial court.

The trial resulted in a verdict in favor of the plaintiff and against the defendant city of Ardmore. The jury returned no verdict either for or against the defendant Horston. The city of Ardmore filed a motion for new trial. The plaintiff took no exceptions to the verdict and filed no motion for new trial. During the next term the court granted a new trial to the defendant city of Ardmore and proceeded to retry the case as to both the defendants. That trial resulted in a verdict in favor of the plaintiff and against each of the defendants.

The evidence showed that the defendant Horston was an employee of the city of Ardmore; that he was required to use the automobile involved in this collision in the performance of his duties; that he kept the car at his house so that the same might be available for emergency calls; that he was using the car at the time the collision occurred in going to and from the grocery store for the purpose of purchasing groceries for his family, and that at the time the collision occurred he was not engaged in any service for the city, unless, as contended by the plaintiff, the service consisted of having the car with him for emergency service and caring for it as his duties required.

The first assignment of error stated in the defendants' brief is:

"The court erred in overruling demurrer of the plaintiffs in error and each of them to the evidence of the defendant in error."

In reviewing the evidence under a contention that a demurrer thereto was improperly overruled, we must do so under the rule stated in Rosenberg v. Olsan, 88 Okla. 252, 212 Pac. 746, as follows:

"The test applied to a demurrer to the evidence is that all the facts which the evidence in the slightest degree tends to prove, and all inferences or conclusions which may be reasonably and logically drawn from the evidence, are admitted. The court cannot weigh conflicting evidence, but must treat the evidence as withdrawn which is most favorable to the demurrant."

When that rule is applied to the evidence in this case, we find that that evidence tends to prove, and that there may be reasonably and logically inferred therefrom, that the defendant Horston, while using the car for the purpose of going for provisions, was, at the same time, using it for the purpose of having it with him for use in case of an emergency call to duty. He testified for the plaintiff that "* * * sometimes something would happen at night, or day, and on Sunday, they would phone out there, and tell us where to come, and we would go to the leak and stop it, sometimes the water would be flying." It is true that he testified that he was acting for himself and not for the city. That testimony, however, conflicted with his other testimony and only created an issue of fact that could not be determined on a demurrer to the evidence.

There was no error in overruling the demurrers to the evidence.

The second contention presented by the defendants is that:

"The court erred in overruling the motion of the plaintiffs in error for judgment notwithstanding the verdict."

The pleadings do not support this contention. Under the rule announced by this court, a judgment notwithstanding the verdict may be rendered only where the pleadings warrant the rendition of such a judgment. Odom v. Cedar Rapids Savings Bank, 114 Okla. 126, 244 Pac. 758.

The defendants contend that the failure of the jury to return a verdict against Horston in the first trial defeats the right of the plaintiff to recover from the city of Ardmore in the second trial. The cases cited in support of that contention are cases in which the jury returned a verdict against the principal and for the agent, and none of them are authority for the contention that the rule applies where the jury fails to return a verdict either for or against the agent.

The third contention presented by the defendants is:

"The court erred in refusing instructions offered by the defendants, and the court erred in giving instructions complained of."

The record shows that the defendants jointly excepted to the instructions given by the court and exceptions were allowed. Those instructions were fair and complete, at least as to the defendant Horston, and since the defendants join in the exceptions and did not severally except thereto, they are bound thereby if the instructions were good as to either of the defendants. In our opinion the instructions complained of were good, at least as to the defendant Horston.

Stripped of all technicalities, this case involves one question, which is: Is the city liable for damages sustained to an automobile caused by a collision with a municipally owned car being driven by an employee of the city, who is charged with the care and keeping of the automobile that he may have it for emergency service to the city in performing his duties as an employee, when the collision occurred while he was using the municipally owned car for his personal use and not in the performance of any duties that he owed to the city, except to have the car available for emergency service for the city should such service become necessary?

Municipal officers, in some instances, have purchased automobiles for use in the municipal business. Under a clearly defined rule, a municipality, as principal, is liable for the acts of its agents in driving those cars in the performance of the duties of the principal that are within the scope of employment or agency. Stumpf v. Montgomery, 101 Okla. 257, 226 Pac. 65, and cases therein cited. Whether or not this municipality is liable depends, then, upon whether or not at the time of the collision the car was being used by the agent in the performance of any duty as agent to the principal within the scope of his employment or agency.

The record in this case shows that Horston's duties required him to take charge of the car and to keep it at night for emergency use in performing his duties to the city.

On the night of the collision in question he had lawful charge of the car for that purpose. He knew that he might be required to use it at any moment in the performance of his duties to the city. Notice to him of the necessity of the use of the car might come to him at his home or wherever he was. He might be required at any time to use the car for the purpose of going to the place where a bursted water pipe required repairing.

This court cannot say that there is no competent evidence in the record to sustain the verdict of the jury, and the rule that the verdict will not be disturbed where there is any competent evidence to sustain it will be applied.

The judgment is affirmed.

MASON, C. J., and LESTER, V. C. J., and CLARK, RILEY, CULLISON, and SWINDALL, JJ., concur. HUNT and HEFNER, JJ., absent.